NO. 07-09-00012-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MARCH
22, 2011

 



 

KAREEM ABDUL-JABBAR WHITE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF SWISHER
COUNTY;

 

NO. B4157-0711; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Presenting
four points of error, appellant Kareem Abdul-Jabbar White appeals his jury
conviction of delivery of a controlled substance in a drug-free zone and the
resulting sentence of four years in the Institutional Division of the Texas
Department of Criminal Justice.  We will
affirm.

Background

            By
a November 2007 indictment, appellant was charged with “intentionally or
knowingly deliver[ing], by actual transfer, to Jo Ann
Fernandez, a controlled substance, namely cocaine, in an amount of less than
one gram … within 1,000 feet of Circle Park, a playground….”[1]  The indictment also contained an enhancement
paragraph setting forth appellant’s previous felony conviction for
robbery.  

            Evidence
showed on May 5, 2006, appellant made a sale of cocaine to a confidential
informant, Jo Ann Fernandez.  Fernandez
had an audio recorder to record the transaction and was given a $50 bill.  Troopers followed her to an address in Tulia,
Texas. She knocked on the door and appellant’s wife, Chandra, opened the door.  Appellant was inside the residence, “messing
with something white in the [kitchen] shelves.” After Fernandez told Chandra
she “needed some rock,” Fernandez testified, she saw appellant hand “something”
to Chandra, who then handed the item to Fernandez. Fernandez paid Chandra the
$50.  The item appeared to be the drugs
she asked to buy in the amount she requested. 
After Fernandez and the following officers left the residence, Fernandez
gave the drugs to a trooper, who also testified.  A forensic scientist testified the substance
contained .45 grams of cocaine. The jury also heard the audio recording of the
transaction.

            Later
on the morning of the buy, police executed a search warrant for appellant’s
residence.  Troopers seized a small
amount of marijuana, two digital scales, packaging material with suspected
crack cocaine residue, and $900 in cash. 
Among the $900 was a $50 bill with a serial number the trooper said
matched that of the $50 bill given to Fernandez to make the buy.  Appellant and Chandra were later
arrested.  

            The
jury found appellant guilty as charged in the indictment and sentenced him to
four years of imprisonment. This appeal followed.

Analysis

Jury Instructions

            In
appellant’s first point of error, he contends the trial court erred by failing
to include in the jury charge an accomplice-witness instruction concerning
appellant’s wife’s testimony.  Chandra
was also charged as a result of the undercover buy and, if called to testify by
the State, would have been an accomplice witness as a matter of law.  Herron v. State, 86 S.W.3d 621, 631 (Tex.Crim.App.
2002).  But appellant called
Chandra to testify at trial.  Testimony
elicited from a witness called by the accused and offered by the accused is not
accomplice-witness testimony which must be corroborated. Selman v. State, 807 S.W.2d 310, 311 (Tex.Crim.App.
1991); Brown v. State, 576 S.W.2d 36, 42 (Tex.Crim.App.
1978) (panel op.); Cunningham v. State,
No. 06-05-00215-CR, 2006 Tex.App. LEXIS 8206 (Tex.App.—Texarkana Aug. 19,
2006, pet. ref’d). "[A]ccomplice-witness testimony must be corroborated and the
jury so instructed only when the State calls the witness and seeks to rely on
such witness's testimony." Id.  No accomplice-witness jury instruction was
required as to Chandra’s testimony.  Point
of error one is overruled.

            In appellant’s second point of error,
he argues the trial court erred in failing to instruct the jury on the law
regarding testimony presented by a person covertly cooperating with police,
pursuant to Texas Code of Criminal Procedure Article 38.141.  The State concedes the trial court erred. 

            Like the
testimony of an accomplice, the testimony of a covert State witness is viewed
with caution, and cannot form the basis for conviction unless corroborated by
other evidence tending to connect the defendant to the offense. Tex. Code Crim. Proc. Ann. art. 38.141 (West 2010); Simmons v. State, 205 S.W.3d 65, 76 (Tex.App.—Fort Worth 2006, no
pet.), citing Herron, 86 S.W.3d at 631.  And, when the State
elicits testimony from an informant or other covert witness for the purpose of
proving guilt, the defendant is entitled to an instruction that conviction
cannot be based on such testimony unless there is other evidence tending to
connect the defendant with the offense, and that evidence showing only the
commission of the offense is insufficient. Simmons, 205 S.W.3d at
77.

            Appellant
did not object at trial to the court's failure to so instruct the jury. See Herron, 86 S.W.3d at 632 (applying
harm analysis to similar errors). The failure to preserve
jury-charge error is not a bar to appellate review, but rather establishes the
degree of harm necessary for reversal. Warner v. State, 245 S.W.3d
458, 461 (Tex.Crim.App. 2008). Because appellant did not object to the instruction's omission, the
error does not result in reversal "unless it was so egregious and created
such harm that appellant was denied a fair trial." Id.

            The defendant is not egregiously harmed by the omission
of a corroborating-evidence instruction if evidence other than the testimony of
the informant is present to fulfill the purpose of the instruction. Simmons, 205 S.W.3d at 77, citing Herron, 86 S.W.3d at 632.
A harm analysis for error in omitting the cautionary instruction on the
requirement of corroborating evidence must be "flexible," taking into
consideration both the existence and the strength of such other evidence. Id.
In determining the strength of the corroborating evidence, we must examine: (1)
its reliability or believability; and (2) the strength of its tendency to
connect the defendant to the offense. Id. Omission of the article 38.141 instruction will generally not result in egregious harm
"unless the corroborating evidence is so unconvincing in fact as to render
the State's overall case for conviction clearly and significantly less
persuasive." Simmons, 205 S.W.3d at 77, citing Saunders v. State, 817 S.W.2d 688, 689 (Tex.Crim.App. 1991).

            To
corroborate confidential informant testimony, like accomplice testimony, all the
law requires is that there be some
independent evidence which tends
to connect the accused to the commission of the offense. Cantelon v. State, 85 S.W.3d 457, 460-61 (Tex.App.--Austin 2002, no pet.), citing Hernandez v. State, 939 S.W.2d 173, 178-79 (Tex.Crim.App. 1997).
To determine the sufficiency of the corroboration, we eliminate the testimony
of the informant and ask whether other
inculpatory evidence tends to connect the accused to
the commission of the offense, even if it does not directly link the accused to
the crime. McDuff v. State, 939 S.W.2d 607, 612
(Tex.Crim.App.1997), Casias v. State, 36 S.W.3d 897, 901 (Tex.App.--Austin 2001, no pet.). We must view the corroborating evidence in the light
most favorable to the verdict. Knox v. State, 934 S.W.2d 678, 686-87 (Tex.Crim.App. 1996); Gill v. State, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994).

            Evidence
corroborating Fernandez’s testimony includes the audio recording of the
transaction.  Although Chandra insisted
during her testimony that the recording must have been made at another time and
location,[2]
she nonetheless identified her own voice and also identified the male voice on
the recording as appellant’s.  Viewed in the light most favorable to the
verdict, her testimony, coupled with that of the trooper concerning the time
and place the recording was made, placed appellant at the residence at the time
of the drug buy.  The drug buy took place
at appellant’s residence.  Fernandez and her
car were searched before and after the buy. 
Troopers testified Fernandez did not have any drugs before she left for
the buy but returned after the buy with crack cocaine. A trooper testified he
recorded the serial number of the $50 bill he gave to Fernandez and testified a
$50 bill with a matching number was recovered after the search warrant was
executed at appellant’s residence, hours after the buy.  Appellant was present at his residence when
the search warrant was executed. 

            The
evidence corroborating Fernandez’s testimony is sufficient to satisfy the
“tends-to-connect” standard.  We find the
jury could have considered the corroborating evidence of appellant’s guilt
reliable and believable, and that it had a strong tendency to connect
appellant with the offense. Simmons, 205 S.W.3d at 77.  The
corroborating evidence is not so unconvincing in fact
as to render the State's overall case for conviction clearly and significantly
less persuasive. Accordingly, while the trial court erred in failing to
instruct the jury pursuant to article 38.141, appellant did not suffer egregious harm from the
court's failure to do so. We overrule appellant's second point of error.

Sufficiency of the
Evidence

            By appellant’s third point of error, he contends the evidence was
legally and factually insufficient to show he constructively delivered
cocaine.  This point of error is premised
on his first two points of error; that is, he argues that once the informant’s
and his wife’s testimony is excluded, there is insufficient evidence of his
commission of the offense.

            Since
appellant’s brief was filed, the Court of Criminal Appeals decided Brooks v. State, 323 S.W.3d 893, 2010 Tex.Crim.App. LEXIS 1240 (Tex.Crim.App. 2010). 
In that case, the court determined the sufficiency of the evidence
should be reviewed only under the standard set forth in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979).  We will
therefore review the evidence in a light most favorable to the verdict for
appellant’s sufficiency claim.[3]

            Under Jackson, an appellate court views the
evidence in the light most favorable to the verdict to determine whether a
rational fact finder could have found each element of the offense beyond a
reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), citing
Jackson, 443 U.S. at 319. If, based on all the evidence, a reasonably minded jury
must necessarily entertain a reasonable doubt of the defendant's guilt, due
process requires that we reverse and order a judgment of acquittal. Swearingen, 101 S.W.3d at 95, citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), cert.
denied, 507 U.S. 975,
113 S. Ct. 1422, 122 L. Ed. 2d 791 (1993).

Appellant's evidentiary sufficiency argument is founded
on a contention that only Chandra and Fernandez could give direct evidence of
appellant's delivery of crack cocaine. However, circumstantial
evidence is as probative as direct evidence in establishing the guilt of an
actor, Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), and the circumstances we have described, reflected in the
testimony of the officers, the recording and the presence of the $50 bill, are
probative of appellant’s guilt.  Next, we again note Chandra was called to the stand by
appellant and there is no reason to exclude her testimony from our
consideration.  Further, the jury was
free to believe and rely on Fernandez’s testimony. Article
38.141 does not render the testimony of a person cooperating with police
incompetent. Nor does article 38.141 say that the jury should be skeptical of
the testimony or give it less weight than other evidence. Herron, 86 S.W.3d at 632. Instead, once it is determined that corroborating evidence
exists, the purpose of the 38.141 instruction is fulfilled and the instruction plays no
further role in the fact finder's decision-making. Id.

We find,
after viewing the evidence in the appropriate light, that a rational jury could
have found each element of the offense beyond a reasonable doubt. Appellant's third
point of error is overruled.

Exclusion of Confidential Informant Evidence

            Through his
fourth point of error, appellant contends the trial court erred by excluding
evidence of his defensive theory that another confidential informant attempted
unsuccessfully to purchase a controlled substance from appellant.  

Seeking to
pursue his defensive theory that the other alleged informant, rather than
Fernandez, was the person who came to appellant’s home on the date of the buy,
on cross examination of a trooper, appellant asked for the names of his other
confidential informants.  The State
objected on the bases of relevance and the potential of placing cooperating
individuals in harm’s way. The court sustained the State’s objection. The
trooper then testified he did not use any other informants to make drug buys
from appellant.  

During appellant’s case, his wife Chandra testified to an
occasion on which the other alleged informant came to their home seeking to buy
drugs.  Chandra said she told the woman
to leave. Chandra also testified Fernandez did not come to their home on the
date of the buy described in the indictment. 
That testimony, however, was not before the trial court at the time the
court made the ruling of which appellant complains. The court
had only the testimony of the trooper before it when it made its ruling.  Our review of the trial court’s ruling is
limited to the evidence that was before it at the time of the ruling.  Weatherred v. State,
15 S.W.3d 540, 542 (Tex.Crim.App. 2000) (In reviewing
trial court’s ruling on the admissibility of evidence, the “appellate court
must review the trial court’s ruling in light of what was before the trial
court at the time the ruling was made”). 
We can find no error in the court’s ruling based on the evidence before
it at the time it sustained the State’s objection.

We overrule appellant’s final point
of error. Having overruled appellant's points of error, we affirm the
trial court's judgment.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not
publish.

 

 











[1]
See Tex. Health & Safety Code Ann. § 481.112(b) (West
2001); Tex. Health & Safety Code Ann. § 481.134 (West 2003).  This offense is a state jail felony,
punishable as a third degree felony because it took place in a drug free
zone.  Id.  The punishment range for
this offense was imprisonment for a term of not less than 2 years or more than
10 years and a fine not to exceed $10,000. 
Tex. Penal Code Ann. § 12.34 (West 2003). 





[2]  On the recording, the jury heard Fernandez ask Chandra if
she had gotten her phone fixed. Chandra testified her phone was broken while
she lived at another house, not the house the police searched in May 2006.  





[3]
The previously-applied factual
sufficiency standard considers whether the evidence supporting guilt, though
legally sufficient, is so weak that the jury's verdict seems clearly wrong and
manifestly unjust, or evidence contrary to the verdict is such that the jury's
verdict is against the great weight and preponderance of the evidence. Grotti v. State, 273 S.W.3d
273, 283 (Tex.Crim.App. 2008); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006). Under that standard, the ultimate question is whether,
considering all the evidence in a neutral light, the jury was rationally
justified in finding guilt beyond a reasonable doubt. Grotti, 273
S.W.3d at 283. Even had we applied such a standard to review of the
evidence, we could not sustain appellant's contention. From our review of the
entire record, the finding of appellant's guilt was neither
clearly wrong and manifestly unjust nor against the great weight and
preponderance of the evidence.