NO. 07-09-00012-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 22, 2011

KAREEM ABDUL-JABBAR WHITE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B4157-0711; HONORABLE EDWARD LEE SELF, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Presenting four points of error, appellant Kareem Abdul-Jabbar White appeals his jury conviction of delivery of a controlled substance in a drug-free zone and the resulting sentence of four years in the Institutional Division of the Texas Department of Criminal Justice. We will affirm.

Background

By a November 2007 indictment, appellant was charged with "intentionally or knowingly deliver[ing], by actual transfer, to Jo Ann Fernandez, a controlled substance, namely cocaine, in an amount of less than one gram … within 1,000 feet of Circle Park,

a playground…."[1]  The indictment also contained an enhancement paragraph setting forth appellant's previous felony conviction for robbery.

Evidence showed on May 5, 2006, appellant made a sale of cocaine to a confidential informant, Jo Ann Fernandez.  Fernandez had an audio recorder to record the transaction and was given a $50 bill.  Troopers followed her to an address in Tulia, Texas. She knocked on the door and appellant's wife, Chandra, opened the door. Appellant was inside the residence, "messing with something white in the [kitchen] shelves." After Fernandez told Chandra she "needed some rock," Fernandez testified, she saw appellant hand "something" to Chandra, who then handed the item to Fernandez. Fernandez paid Chandra the $50.  The item appeared to be the drugs she asked to buy in the amount she requested.  After Fernandez and the following officers left the residence, Fernandez gave the drugs to a trooper, who also testified.  A forensic scientist testified the substance contained .45 grams of cocaine. The jury also heard the audio recording of the transaction.

Later on the morning of the buy, police executed a search warrant for appellant's residence.  Troopers seized a small amount of marijuana, two digital scales, packaging material with suspected crack cocaine residue, and $900 in cash.  Among the $900 was a $50 bill with a serial number the trooper said matched that of the $50 bill given to Fernandez to make the buy.  Appellant and Chandra were later arrested.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112(b) (West 2001); Tex. Health & Safety Code Ann. § 481.134 (West 2003).  This offense is a state jail felony, punishable as a third degree felony because it took place in a drug free zone.  *Id.*  The punishment range for this offense was imprisonment for a term of not less than 2 years or more than 10 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.34 (West 2003).

The jury found appellant guilty as charged in the indictment and sentenced him to four years of imprisonment. This appeal followed.

Analysis

*Jury Instructions*

In appellant's first point of error, he contends the trial court erred by failing to include in the jury charge an accomplice-witness instruction concerning appellant's wife's testimony. Chandra was also charged as a result of the undercover buy and, if called to testify by the State, would have been an accomplice witness as a matter of law. *Herron v. State*, 86 S.W.3d 621, 631 (Tex.Crim.App. 2002). But appellant called Chandra to testify at trial. Testimony elicited from a witness called by the accused and offered by the accused is not accomplice-witness testimony which must be corroborated. *Selman v. State*, 807 S.W.2d 310, 311 (Tex.Crim.App. 1991); *Brown v. State,* 576 S.W.2d 36, 42 (Tex.Crim.App. 1978) (panel op.); *Cunningham v. State,* No. 06-05-00215-CR, 2006 Tex.App. LEXIS 8206 (Tex.App.—Texarkana Aug. 19, 2006, pet. ref'd). "[A]ccomplice-witness testimony must be corroborated and the jury so instructed only when the State calls the witness and seeks to rely on such witness's testimony." *Id.* No accomplice-witness jury instruction was required as to Chandra's testimony. Point of error one is overruled.

In appellant's second point of error, he argues the trial court erred in failing to instruct the jury on the law regarding testimony presented by a person covertly cooperating with police, pursuant to Texas Code of Criminal Procedure Article 38.141. The State concedes the trial court erred.

Like the testimony of an accomplice, the testimony of a covert State witness is viewed with caution, and cannot form the basis for conviction unless corroborated by other evidence tending to connect the defendant to the offense. Tex. Code Crim. Proc. Ann. art. 38.141 (West 2010); *Simmons v. State*, 205 S.W.3d 65, 76 (Tex.App.—Fort Worth 2006, no pet.), *citing Herron*, 86 S.W.3d at 631. And, when the State elicits testimony from an informant or other covert witness for the purpose of proving guilt, the defendant is entitled to an instruction that conviction cannot be based on such testimony unless there is other evidence tending to connect the defendant with the offense, and that evidence showing only the commission of the offense is insufficient. *Simmons*, 205 S.W.3d at 77.

Appellant did not object at trial to the court's failure to so instruct the jury. *See Herron*, 86 S.W.3d at 632 (applying harm analysis to similar errors). The failure to preserve jury-charge error is not a bar to appellate review, but rather establishes the degree of harm necessary for reversal. *Warner v. State*, 245 S.W.3d 458, 461 (Tex.Crim.App. 2008). Because appellant did not object to the instruction's omission, the error does not result in reversal "unless it was so egregious and created such harm that appellant was denied a fair trial." *Id.*

The defendant is not egregiously harmed by the omission of a corroborating-evidence instruction if evidence other than the testimony of the informant is present to fulfill the purpose of the instruction. *Simmons*, 205 S.W.3d at 77, *citing Herron*, 86 S.W.3d at 632. A harm analysis for error in omitting the cautionary instruction on the requirement of corroborating evidence must be "flexible," taking into consideration both

4

the existence and the strength of such other evidence. *Id.* In determining the strength of the corroborating evidence, we must examine: (1) its reliability or believability; and (2) the strength of its tendency to connect the defendant to the offense. *Id.* Omission of the article 38.141 instruction will generally not result in egregious harm "unless the corroborating evidence is so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Simmons*, 205 S.W.3d at 77, *citing Saunders v. State*, 817 S.W.2d 688, 689 (Tex.Crim.App. 1991).

To corroborate confidential informant testimony, like accomplice testimony, all the law requires is that there be some independent evidence which tends to connect the accused to the commission of the offense. *Cantelon v. State,* 85 S.W.3d 457, 460-61 (Tex.App.--Austin 2002, no pet.), *citing Hernandez v. State*, 939 S.W.2d 173, 178-79 (Tex.Crim.App. 1997). To determine the sufficiency of the corroboration, we eliminate the testimony of the informant and ask whether other inculpatory evidence tends to connect the accused to the commission of the offense, even if it does not directly link the accused to the crime. *McDuff v. State*, 939 S.W.2d 607, 612 (Tex.Crim.App.1997), *Casias v. State*, 36 S.W.3d 897, 901 (Tex.App.--Austin 2001, no pet.). We must view the corroborating evidence in the light most favorable to the verdict. *Knox v. State*, 934 S.W.2d 678, 686-87 (Tex.Crim.App. 1996); *Gill v. State*, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994).

Evidence corroborating Fernandez's testimony includes the audio recording of the transaction. Although Chandra insisted during her testimony that the recording must

have been made at another time and location,[2] she nonetheless identified her own voice and also identified the male voice on the recording as appellant's. Viewed in the light most favorable to the verdict, her testimony, coupled with that of the trooper concerning the time and place the recording was made, placed appellant at the residence at the time of the drug buy. The drug buy took place at appellant's residence. Fernandez and her car were searched before and after the buy. Troopers testified Fernandez did not have any drugs before she left for the buy but returned after the buy with crack cocaine. A trooper testified he recorded the serial number of the $50 bill he gave to Fernandez and testified a $50 bill with a matching number was recovered after the search warrant was executed at appellant's residence, hours after the buy. Appellant was present at his residence when the search warrant was executed.

The evidence corroborating Fernandez's testimony is sufficient to satisfy the "tends-to-connect" standard. We find the jury could have considered the corroborating evidence of appellant's guilt reliable and believable, and that it had a strong tendency to connect appellant with the offense. *Simmons*, 205 S.W.3d at 77. The corroborating evidence is not so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive. Accordingly, while the trial court erred in failing to instruct the jury pursuant to article 38.141, appellant did not suffer egregious harm from the court's failure to do so. We overrule appellant's second point of error.

_____

[2] On the recording, the jury heard Fernandez ask Chandra if she had gotten her phone fixed. Chandra testified her phone was broken while she lived at another house, not the house the police searched in May 2006.

*Sufficiency of the Evidence*

By appellant's third point of error, he contends the evidence was legally and factually insufficient to show he constructively delivered cocaine. This point of error is premised on his first two points of error; that is, he argues that once the informant's and his wife's testimony is excluded, there is insufficient evidence of his commission of the offense.

Since appellant's brief was filed, the Court of Criminal Appeals decided *Brooks v. State,* 323 S.W.3d 893, 2010 Tex.Crim.App. LEXIS 1240 (Tex.Crim.App. 2010). In that case, the court determined the sufficiency of the evidence should be reviewed only under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We will therefore review the evidence in a light most favorable to the verdict for appellant's sufficiency claim.[3]

Under *Jackson*, an appellate court views the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found each element

---

[3] The previously-applied factual sufficiency standard considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Grotti v. State*, 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Watson v. State,* 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). Under that standard, the ultimate question is whether, considering all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Grotti*, 273 S.W.3d at 283. Even had we applied such a standard to review of the evidence, we could not sustain appellant's contention. From our review of the entire record, the finding of appellant's guilt was neither clearly wrong and manifestly unjust nor against the great weight and preponderance of the evidence.

of the offense beyond a reasonable doubt. *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State*, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), *citing Jackson*, 443 U.S. at 319. If, based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen*, 101 S.W.3d at 95, *citing Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S. Ct. 1422, 122 L. Ed. 2d 791 (1993).

Appellant's evidentiary sufficiency argument is founded on a contention that only Chandra and Fernandez could give direct evidence of appellant's delivery of crack cocaine. However, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), and the circumstances we have described, reflected in the testimony of the officers, the recording and the presence of the $50 bill, are probative of appellant's guilt. Next, we again note Chandra was called to the stand by appellant and there is no reason to exclude her testimony from our consideration. Further, the jury was free to believe and rely on Fernandez's testimony. Article 38.141 does not render the testimony of a person cooperating with police incompetent. Nor does article 38.141 say that the jury should be skeptical of the testimony or give it less weight than other evidence. *Herron*, 86 S.W.3d at 632. Instead, once it is determined that corroborating evidence exists, the purpose of the 38.141 instruction is fulfilled and the instruction plays no further role in the fact finder's decision-making. *Id.*

We find, after viewing the evidence in the appropriate light, that a rational jury could have found each element of the offense beyond a reasonable doubt. Appellant's third point of error is overruled.

*Exclusion of Confidential Informant Evidence*

Through his fourth point of error, appellant contends the trial court erred by excluding evidence of his defensive theory that another confidential informant attempted unsuccessfully to purchase a controlled substance from appellant.

Seeking to pursue his defensive theory that the other alleged informant, rather than Fernandez, was the person who came to appellant's home on the date of the buy, on cross examination of a trooper, appellant asked for the names of his other confidential informants. The State objected on the bases of relevance and the potential of placing cooperating individuals in harm's way. The court sustained the State's objection. The trooper then testified he did not use any other informants to make drug buys from appellant.

During appellant's case, his wife Chandra testified to an occasion on which the other alleged informant came to their home seeking to buy drugs. Chandra said she told the woman to leave. Chandra also testified Fernandez did not come to their home on the date of the buy described in the indictment. That testimony, however, was not before the trial court at the time the court made the ruling of which appellant complains. The court had only the testimony of the trooper before it when it made its ruling. Our review of the trial court's ruling is limited to the evidence that was before it at the time of the ruling. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App. 2000) (In

9

reviewing trial court's ruling on the admissibility of evidence, the "appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made"). We can find no error in the court's ruling based on the evidence before it at the time it sustained the State's objection.

We overrule appellant's final point of error. Having overruled appellant's points of error, we affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.