# NO. 12-10-00156-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSIE ANTOWAN SMITH,*<br>*APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant, Jessie Antowan Smith, of murder, deadly conduct, and as a felon in possession of a firearm. The jury assessed Appellant's punishment for the offenses at imprisonment for twenty-five, ten, and ten years, respectively. In three issues, Appellant complains that the trial court's charge improperly charged multiple offenses, which resulted in or allowed a nonunanimous jury verdict and denied his right to a unanimous jury verdict provided by the Constitution of the State of Texas. We affirm.

## BACKGROUND

Appellant shot and killed James Jordan after accusing Jordan of having just shot his friend, Lonnie Gipson. However, Jordan was unarmed when Appellant shot him according to the State's witnesses. Then, according to those witnesses, Appellant fired indiscriminately toward the crowd and at the nearby Lewis residence. Derrick Lewis then fired at Appellant with a shotgun.

Appellant testified claiming self-defense and protection of a third person. Gipson testified that the victim, Jordan, was coming toward him with a shotgun when Appellant shot Jordan.

<u>**CHARGE ERROR**</u>

In his first two issues, Appellant contends that the court's charge erroneously charged multiple offenses and resulted in or allowed a nonunanimous jury verdict. In his third issue, Appellant maintains he was denied his right to a unanimous jury verdict as provided by the Constitution of the State of Texas.

<u>**Standard of Review**</u>

Regardless of whether a defendant objects to error in a jury charge at the time of trial, any claim of charge error on appeal must be considered by an appellate court. *See **Middleton v. State***, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). The existence of an objection affects only the degree of harm needed in order to justify a reversal. ***Warner v. State***, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). Error to which no objection is raised requires reversal only where a defendant is egregiously harmed. *See* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); ***Hutch v. State***, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); ***Almanza v. State***, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Error is egregiously harmful if it affects the basis of the case, deprives a defendant of a valuable right, or vitally affects a defensive theory. ***Stuhler v. State***, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); ***Almanza***, 686 S.W.2d at 172.

In determining whether charge error is egregious, reviewing courts should consider the following four factors: (1) the entire charge; (2) the state of the evidence including contested issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. ***Olivas v. State***, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

<u>**Applicable Law**</u>

A person commits the offense of murder if he

> (1) intentionally or knowingly causes the death of an individual;

> (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

> (3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or

2

attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX. PENAL CODE ANN. art. 19.02(b) (Vernon 2003). Both the constitution and statutory law of Texas require a jury verdict in a felony case to be unanimous. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp. 2010). Alternate methods of committing one offense may be charged in one indictment. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Although the indictment alleges in the conjunctive differing methods of committing the offense, it is proper for the jury to be charged in the disjunctive. *Id.* If alternate theories of committing the same offense are submitted to the jury in the disjunctive, the jury may properly return a general verdict if the evidence is sufficient to support a finding of guilt under any of the theories submitted. *Id.* Separate offenses or separate criminal acts may not be submitted in the disjunctive because of the possibility of a nonunanimous jury verdict. *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000). "Unanimity in this context means that each and every juror agrees that the defendant committed the same, single, specific criminal act." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).

**Discussion**

The indictment charged Appellant with intentionally or knowingly causing the death of James Keon Jordan by shooting him with a firearm. In paragraph B, it charged that Appellant, with intent to cause serious bodily injury to James Keon Jordan, did commit an act clearly dangerous to human life that caused the death of James Keon Jordan by shooting him with a firearm.

The trial court gave the following charge to the jury at the close of the guilt-innocence phase.

> A person commits the offense of murder if he intentionally or knowingly causes the death of an individual, or if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.
>
> ***
>
> Now if you find from the evidence beyond a reasonable doubt that on or about the 19th day of August, 2007 in Cherokee County, Texas, the defendant, JESSIE ANTOWAN SMITH, did intentionally or knowingly cause the death of an individual, namely, JAMES KEON JORDAN by shooting him with a firearm, or with intent to cause serious bodily injury to an individual, namely, JAMES KEON JORDAN, did commit an act clearly dangerous to human life that caused the death of an individual, JAMES KEON JORDAN, by shooting JAMES KEON JORDAN with a

3

firearm . . . then you will find the defendant guilty of murder as alleged in the indictment.

The question presented by all three of Appellant's issues is whether the jury charge in this case merely charged alternate theories of committing the same offense or whether the jury charge included two or more separate offenses charged disjunctively.

It is apparent that the indictment charges two of the three alternate statutory means of committing murder. The trial court submitted both means of committing the same offense in its jury charge. The court's charge did not disjunctively submit alternate theories involving separate criminal acts or separate offenses. The charge did not allow the jury to return a nonunanimous general verdict. The cases relied on by Appellant, *Ngo* and *Francis*, involved either separate offenses or separate criminal acts charged disjunctively. Texas appellate courts have repeatedly addressed and rejected Appellant's argument, most recently in *Davis v. State*, 313 S.W.3d 317, 342 (Tex. Crim. App. 2010).

Appellant's three issues are overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

## BILL BASS
Justice

Opinion delivered May 25, 2011.
*Panel consisted of Worthen, C. J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4