# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00872-CR

**Johnny Adame, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 09-1458-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a jury trial, appellant Johnny Adame was convicted of aggravated kidnapping and evading arrest or detention with a vehicle, and the trial court, in separate judgments, sentenced him to confinement of thirty-five and ninety-nine years, respectively. *See* Tex. Pen. Code Ann. §§ 20.04(a) (West 2011), 38.04 (West Supp. 2011).[1] In this appeal, Adame contends that the evidence is insufficient to sustain his conviction for aggravated kidnapping. With regard to the evading-arrest-or-detention judgment of conviction, which included an enhancement for using the vehicle as a deadly weapon, Adame's court-appointed counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that appeal of that

---

[1] The evading-arrest statute was amended effective September 1, 2011, but the amendments are not material to the issues in this case. Therefore, we cite the current statute for convenience.

judgment is frivolous and without merit. We will grant the motion to withdraw and affirm the trial court's judgment.

## BACKGROUND

After robbing a bank in the summer of 2009, Adame led police on a high-speed car chase through Travis and Williamson counties. When Adame wrecked his vehicle in Williamson County, he forcibly removed his accomplice, Yolanda Valenzuela, from the vehicle and dragged her up an embankment with what was later determined to be an air gun pressed against her head.[2] More than twenty peace officers had their weapons drawn and aimed at Adame and Valenzuela. The situation ended when a police officer was able to shoot Adame without injuring Valenzuela. At the time, law enforcement officials did not know Valenzuela was Adame's accomplice in the bank robbery, but immediately after the stand-off ended, a visibly shaken Valenzuela told officers, "I was in it for the robbery, but I wasn't in it for this shit."

Following a jury trial, Adame was convicted of aggravated kidnapping of Valenzuela and evading arrest or detention with a vehicle. Punishment for the latter charge included an enhancement for use of a motor vehicle as a deadly weapon. Adame now appeals his convictions on both charges.

## DISCUSSION

This appeal involves two separate charges brought pursuant to a single indictment and tried in one criminal proceeding. The criminal proceeding resulted in two judgments rendered under

---

[2] Testimony at trial indicates that an air gun is similar in action to a BB gun. It is unclear from the record whether Valenzuela knew it was not a "real" gun.

the same cause number—one based on the aggravated kidnapping charge and the other based on the evading-arrest-or-detention charge. Adame asserts a single point of error challenging the sufficiency of the evidence to support the judgment of conviction for aggravated kidnapping, claiming that the evidence is insufficient to establish that Adame's actions were without Valenzuela's consent and that Adame intended to use Valenzuela as a shield or hostage.[3] *See* Tex. Penal Code Ann. §§ 20.01(1), (2) (definitions of "restrain" and "abduct"), 20.03 (kidnapping), 20.04(a)(2) (aggravated kidnapping, human shield or hostage) (West 2011). Appellate counsel seeks to withdraw from representation as to the judgment of conviction for evading arrest or detention, concluding that an appeal of that judgment is frivolous and without merit. We will consider these matters in turn.

### *Aggravated Kidnapping*

When reviewing the sufficiency of the evidence to sustain a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The sufficiency of the evidence is determined from the cumulative effect of all the evidence; each fact in isolation need not establish

---

[3] Adame also challenges the evidence concerning whether he used or exhibited a deadly weapon during the commission of kidnapping, which is an independent basis for elevating ordinary kidnapping to aggravated kidnapping. *See* Tex. Penal Code Ann. § 20.04(b) (West 2011). We need not consider this argument, however, because the jury was not asked to consider the use of a deadly weapon as a basis for convicting Adame of aggravated kidnapping.

the guilt of the accused. *Alexander v. State*, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987). The jury is the exclusive judge of the facts proved, the weight to be given the testimony, and the credibility of the witnesses. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995), *overruled on other grounds by Warner v. State*, 245 S.W.3d 458, 463 (Tex. Crim. App. 2008). The jury is free to reject or accept any or all of the evidence presented by either party. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). The jury maintains the power to draw reasonable inferences from basic facts to ultimate facts. *Welch v. State*, 993 S.W.2d 690, 693 (Tex. App.—San Antonio 1999, no pet.). The reviewing court may impinge on the trier of fact's discretion only to the extent necessary to guarantee the fundamental protection of due process of law. *Jackson v. Virginia*, 443 U.S. at 319.

To establish "aggravated kidnapping" as charged in the indictment, the jury was required to find that Adame intentionally or knowingly abducted Valenzuela with the intent to use her as a shield or a hostage. *See* Tex. Penal Code Ann. § 20.04(2).[4] "'Abduct' means to restrain a person with intent to prevent his liberation by: . . . using or threatening to use deadly force." *Id.* § 20.01(2)(B). "'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. Restraint is 'without consent' if it is accomplished by: (A) force, intimidation, or deception . . . ." *Id.* (1)(A).

---

[4] The indictment also charged Adame with abduction with the intent to facilitate the commission of a felony or the flight after the attempt or commission of a felony. *See* Tex. Penal Code Ann. § 20.04(3). Although the State mentions this ground in its appellate brief, this charge was not submitted to the jury for their consideration.

4

In this case, a number of witnesses—including police officers and a bystander—testified that Adame forcefully removed Valenzuela from the vehicle as she resisted, put her in a "choke hold," led her down the highway toward a populated shopping area, and placed her body in a manner that acted to shield his body from more than twenty police officers pointing their weapons at Adame and Valenzuela. The witnesses testified that Valenzuela was visibly distressed and distraught both during and after the incident. Corporal Gerald Wines of the Austin Police Department further testified that immediately after Adame was shot, Valenzuela confessed to the robbery but stated that she "wasn't in it for this shit." Some of these events were also captured on video, which the jury viewed.

In addition to the foregoing, the jury heard testimony from Valenzuela that she suggested to Adame that he take her as a hostage, but she also testified that, before she offered to be taken hostage, Adame had (1) made several statements indicating to her that he wanted to die rather than go to prison, (2) stated that he would kill her, (3) refused to stop the vehicle when she asked him to do so, and (4) pointed his gun at police officers in what she believed to be provocative behavior. Valenzuela testified that she did not want to die, she wanted to see her children and grandchildren again, and she did not want Adame to point his gun at the police officers. She said that she asked Adame to take her as a hostage so they would not die in a shoot-out with police. Valenzuela said she consented to her "display" as a hostage—getting out of the car, walking down the road with Adame pointing the gun at her, and acting like an actual hostage or shield. But she also testified that she did not consent to being forcefully removed from Adame's vehicle, being placed in a choke hold, or being used as a shield. Her goal, she testified, was to make it out alive, but she believed Adame

5

would put her in the pathway of a bullet or would have shot her himself if he had a "real" gun. The jury also heard Valenzuela testify that, after the incident, she confessed to the robbery and signed a statement that Adame took her hostage. She admitted that she did not tell police or prosecutors until about a week before trial that it was her idea to be a hostage.

It is the exclusive province of the jury to assess the credibility of a witness and to reconcile inconsistencies in a witness's testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.04. Based on the evidence admitted at trial, the jury could reasonably have disregarded Valenzuela's trial testimony regarding her consent as not being credible, especially in light of her prior inconsistent statements and the testimony of several eye witnesses to her and Adame's actions and demeanor following the conclusion of the car chase. Or the jury could have credited Valenzuela's testimony that, regardless of whether she initially consented to be Adame's hostage, she did not consent to being used as a human shield. The jury could likewise have determined that Valenzuela's consent was itself accomplished by force or intimidation. Considering all the evidence in the light most favorable to the verdict, a rational trier of fact could have determined beyond a reasonable doubt that Adame abducted Valenzuela with the intent to use her either as a shield or as a hostage. We therefore overrule Adame's sufficiency-of-the-evidence challenge.

### *Evading Arrest or Detention*

Adame's court-appointed attorney has filed a motion to withdraw as counsel for the appeal of the evading-arrest-or-detention judgment of conviction on the basis that the appeal is frivolous and without merit. The motion is supported by a brief that meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), and presents a professional evaluation of the

6

record demonstrating why there are no arguable grounds to be advanced.  *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App.1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App.1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App.1969).

Adame received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief as to the evading-arrest conviction.  *See Anders*, 386 U.S. at 744.  No pro se brief or other written response has been filed.

We have reviewed the record, including appellate counsel's brief, and find no reversible error as to Adame's evading-arrest-or-detention conviction.  *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  We agree with counsel that the appeal is frivolous with regard to that judgment. Counsel's motion to withdraw is therefore granted.

## CONCLUSION

The judgments of conviction are affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   February 29, 2012

Do Not Publish

7