

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

Nos. PD-1680-05 & PD-1681-05

CRAIG JONATHAN WARNER, Appellant

v.

THE STATE OF TEXAS

ON DISCRETIONARY REVIEW OF CASES
03-04-00203-CR & 03-04-00270-CR
OF THE THIRD COURT OF APPEALS, LAMPASAS COUNTY

*WOMACK, J., delivered the opinion of the Court, in which MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN JJ., joined. KELLER,P. J., filed a dissenting opinion.*

A jury convicted the appellant of two offenses of aggravated sexual assault of a child. The appellant claimed on appeal that error in the jury charge permitted the jury to convict him on less than a unanimous verdict. The Third Court of Appeals affirmed, finding error but holding that

the appellant had not been egregiously harmed.[1] On petition to this Court, the appellant challenges the Court of Appeals' harm analysis. We vacate and remand.

The appellant was indicted for acts against two girls (his stepdaughter and her cousin) occurring over the course of a weekend. The two indictments were identical, and each contained two counts. The State later abandoned the second count in each indictment. Count One charged the appellant with aggravated sexual assault[2] in three paragraphs, which alleged that on or about March 23, 2003, the appellant:

> did then and there intentionally or knowingly cause the penetration of the female sexual organ of [victim], a child younger than 14 years of age who was not the spouse of said defendant by inserting defendant's finger,
>
> Paragraph Two: did then and there intentionally or knowingly cause the sexual organ of [victim] a child younger than 14 years of age who was not the spouse of said defendant to contact the mouth of defendant,
>
> Paragraph Three: did then and there intentionally or knowingly cause the anus of [victim], a child younger than 14 years of age who was not the spouse of said defendant to contact the sexual organ of the defendant.

The appellant pleaded not guilty to the two offenses, and the two causes were tried to a jury in a single trial. The jury charge set out the law, in pertinent part, as follows:

> Our law provides that a person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes penetration of the female sexual organ by any means or causes the anus of a child under 14 years of age to contact the sexual organ of another person; or causes the sexual organ of a child under 14 years of age to contact the mouth of another person, including the actor and the child is not the spouse of the person committing the offense.

The jury charge also included the following application paragraph for the first victim:

---

[1] *Warner v. State*, No. 03-04-00203-CR et al., 2005 Tex. App. LEXIS 7790 (Tex. App.–Austin Sept. 22, 2005) (not designated for publication).

[2] *See* PENAL CODE § 22.021(a).

> Now if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of March, 2003 in Lampasas County, Texas the defendant, CRAIG JONATHAN WARNER, did then and there intentionally or knowingly cause the penetration of the female sexual organ of [victim 1], a child younger than 14 years of age, who was not the spouse of said defendant by inserting defendant's finger or cause the sexual organ of [victim 1] to contact the defendant's mouth, or did then and there intentionally or knowingly cause the anus of [victim 1] who was not the spouse of the defendant to contact the sexual organ of the defendant, then you will find the defendant guilty of aggravated sexual assault and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated sexual assault and say by your verdict "Not Guilty" of said offense.

The second application paragraph was identical, except for the name of the victim and the following language: "a child younger than 14 years of age, who was not the spouse of said defendant by *the* defendant's finger or cause the *female* sexual organ of [victim 2] to contact the defendant's mouth …" (emphasis added). The appellant did not object to the charge. The jury found the appellant guilty of the two offenses.

On appeal, the appellant claimed that error in the jury charge precluded a unanimous jury verdict required by the Texas Constitution and state statutes. He argued that the instructions allowed the jury to return a general verdict of guilty without all twelve jurors unanimously agreeing that the appellant committed any one of the three offenses submitted in the disjunctive.

The Court of Appeals found error in the jury charge and set out the standard of harm, which is analyzed under *Almanza v. State*.[3] The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal.[4] Because the appellant did not object to the charge, the error does not result in reversal "unless it was so

---

[3] 686 S.W.2d 157 (Tex. Cr. App. 1985).

[4] *Warner*, 2005 Tex. App. LEXIS 7790, at *12 (citing *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Cr. App. 1994)).

egregious and created such harm that appellant was denied a fair trial."[5] To determine "egregious harm," a reviewing court examines "the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole."[6] The appellant must have suffered actual, rather than theoretical, harm.[7] "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'"[8]

After an examination of the record, the Court of Appeals concluded the appellant was not egregiously harmed by the error.[9] The Court noted that the State introduced evidence to support all three paragraphs, and concluded: "Viewing the indictment, evidence, and charge in its entirety, it is evident that the jury simply did not believe the defense case."[10]

In this Court, the appellant presents two grounds for review: 1) The Court of Appeals incorrectly placed a burden on Appellant to show harm, and 2) The Court of Appeals failed to address the main assertions that supported Appellant's claim that the error in his case was egregious.

---

[5] *Id.* (citing *Almanza*, 686 S.W.2d, at 171).

[6] *Id.*, at *14 (citing *Almanza*, 686 S.W.3d, at 171).

[7] *Id.* (citing *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Cr. App. 1986)).

[8] *Id.* (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Cr. App. 1996)).

[9] *Id.*, at *22.

[10] *Id.*, at *18-19, *21.

In his first ground, the appellant claims there is no burden on either party to show harm. We agree. The Court of Appeals, relying on *Dickey v. State*,[11] made the following statements:

It is the appellant's burden to prove that he suffered some actual, rather than merely theoretical, harm from the error.[12]

Examining these factors, we conclude that appellant has not carried his burden to prove that he suffered actual, rather than theoretical harm from the error.[13]

Based on the state of the record, appellant has not carried his burden to show that he suffered actual and not theoretical harm from any error.[14]

In *Dickey*, this Court said, "Since Dickey objected to the lack of the instruction at trial, he is entitled to a reversal if he can show some harm. It is Dickey's burden to prove that he suffered some actual, rather than merely theoretical, harm from the error."[15] Although our remarks in *Dickey* may seem to indicate that an appellant has a burden to prove harm, this position is not supported by the weight of our jurisprudence.

*Almanza* itself, which set the standard to be used in such cases, places no burden on either party to show harm.[16] *Arline v. State* analyzed jury charge error under *Almanza*, and likewise placed no burden on either party.[17]

---

[11] 22 S.W.3d 490 (Tex. Cr. App. 1999).

[12] *Warner*, 2005 Tex. App. LEXIS 7790, at *14 (citing *Dickey*, 22 S.W.3d, at 492).

[13] *Id.*, at *15.

[14] *Id.*, at *21.

[15] *Dickey*, 22 S.W.3d, at 492 (footnote omitted).

[16] *Almanza*, 686 S.W.2d 157.

[17] 721 S.W.2d 348 (Tex. Cr. App. 1986).

_____*Almanza* and *Arline* are the sources for the language quoted above from *Dickey* and relied on by the Court of Appeals. *Dickey* cited *Almanza* in stating, "Since Dickey objected to the lack of the instruction at trial, he is entitled to a reversal if he can show some harm."[18] But the language in *Almanza* to which *Dickey* referred said nothing of burdens, but rather,

> If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.[19]

Then *Dickey*, citing *Arline*, said, "It is Dickey's burden to prove that he suffered some actual, rather than merely theoretical, harm from the error."[20] In fact, the original statement in *Arline* reads, "a defendant must have suffered 'some' actual, rather than theoretical, harm from the error."[21]

Prior to *Dickey*, a few opinions from this Court, beginning with *LaPoint v. State*,[22] assigned the burden to the defendant. In *LaPoint*, we conducted a harm analysis under *Almanza*, and in dictum we said, "It is the defendant's burden under Art. 36.19 to persuade the reviewing court that he suffered *some actual harm* as a consequence of the charging error. If he is unable to do so, the error will not result in a reversal of his conviction."[23] The statement was later relied on

---

[18] *Dickey*, 22 S.W.3d, at 492.

[19] *Almanza*, 686 S.W.2d, at 171 (emphasis in original).

[20] *Dickey*, 22 S.W.3d, at 492.

[21] *Arline*, 721 S.W.2d, at 351 (citing *Almanza*, 686 S.W.2d, at 171).

[22] 750 S.W.2d 180 (Tex. Cr. App. 1986).

[23] *Id.*, at 191 (op. on reh'g) (emphasis in original).

by this Court in three cases analyzing jury charge error under *Almanza*: *Belyeu v. State*;[24] *Abdnor v. State*,[25] referring to a "burden of proof"; and *Alvarado v. State*,[26] referring to a "burden of persuasion."

Several years after *Abdnor* and only a few months after *Dickey*, in *Ovalle v. State*,[27] we seemed finally to have resolved the issue by expressly rejecting the concept of burdens of proof in an *Almanza* harm analysis. In her dissent, Judge Keller quoted *Abdnor*: "[T]he burden of proof lies with the defendant to persuade the reviewing court that he suffered some actual harm as a consequence of the charging error."[28] The *Ovalle* majority responded with the following statement:

> We do not resolve the issue by asking whether the appellant met a burden of proof to persuade us that he suffered some actual harm, as the dissent would have it. No party should have a burden to prove harm from an error, and there ordinarily is no way to prove "actual" harm. Burdens and requirements of proving actual facts are appropriate in the law of evidence, but they have little meaning for the harmless-error decision.[29]

---

[24] 791 S.W.2d 66, 75 (Tex. Cr. App. 1989).

[25] 871 S.W.2d 726, 732 (Tex. Cr. App. 1994).

[26] 912 S.W.2d 199, 216-17 (Tex. Cr. App. 1995) (citing *Abdnor*, 871 S.W.2d, at 732).

[27] 13 S.W.3d 774 (Tex. Cr. App. 2000).

[28] *Id.*, at 788.

[29] *Id.*, at 787.

Since *Ovalle*, a few courts of appeals have cited *Abdnor* for the proposition that the defendant has the burden in an *Almanza* harm analysis.[30] But this Court has never again cited *Abdnor* to support this notion.

Our opinion in *Ngo v. State*,[31] further confirms that no burden exists in an *Almanza* harm analysis. The issue in *Ngo*, like that in the present case, concerned error in the jury charge permitting a non-unanimous jury verdict. In *Ngo*, the error was analyzed for "egregious harm" under *Almanza*. In setting out the standard, this Court cited the passage from *Dickey*, citing *Arline*, that ascribes to the appellant a burden to show harm. But instead of simply quoting *Dickey*, the language in *Ngo* returned to that originally used in *Almanza* and *Arline*, which imposed no burden on either party. "Under the *Almanza* standard, the record must show that a defendant has suffered actual, rather than merely theoretical, harm from jury instruction error."[32]

To dispel any lack of clarity in our cases, we affirm that burdens of proof or persuasion have no place in a harm analysis conducted under *Almanza*. Because the Court of Appeals placed a burden of proof on the appellant, we shall remand the case to the Court of Appeals for a review of the record, giving consideration to the fact that neither party has a burden to show harm.

In his second ground for review, the appellant complains that the Court of Appeals did not consider five specific points that would have supported a finding of egregious harm.

---

[30] *See, e.g.*, *Davis v. State*, 2007 Tex. App. LEXIS 6510, *19-20 (Tex. App.–Dallas 2007); *Campbell v. State*, 227 S.W.3d 326, 329 (Tex. App.–Houston [1st District] 2007); *Parker v. State*, 2004 Tex. App. LEXIS 8503, *30 (Tex. App.–El Paso 2004).

[31] 175 S.W.3d 738 (Tex. Cr. App. 2005).

[32] *Id.*, at 750.

First, the appellant claims he pointed out deficiencies in the language of the jury charge itself. He argues that, in the two application paragraphs, only one of the three listed statutory offenses tracked the full language of the indictment and the statute. The remaining two offenses, he contends, authorized conviction on less than all the required elements because the language was incomplete. This language, however, was not the source of the jury charge error. In fact, the jury charge is incorrect because it does not make clear that the jury had to find unanimously on at least one statutory offense.[33] Therefore nothing compelled the Court of Appeals to address this issue.

Second, the appellant argues that the jury never heard or viewed the videotaped interviews of the victims, which he claims provided the only evidence supporting the sole statutory offense that was correctly worded in the application paragraph. The Court of Appeals, he maintains, never addressed the impossibility of the jury's having viewed the one hundred minutes of tape during deliberations that lasted only thirty-nine minutes. In reality, the jury watched the videotapes in their entirety in the courtroom. Nothing required jurors to re-examine those tapes during deliberations, and therefore the Court of Appeals did not err by failing to consider the issue.

Third, the appellant argues that a correct jury charge and the requirement that the State elect upon request are two of the safeguards against a non-unanimous jury verdict. He argues that because defense counsel failed to request election and the jury instructions were incorrect, these safeguards failed. He complains that the Court of Appeals did not address the election issue in

---

[33] *See Ngo*, 175 S.W.3d, at 749 ("The error here is not in submitting the three separate offenses 'in the disjunctive.' The error is in failing to instruct the jury that it must be unanimous in deciding which one (or more) of the three disjunctively submitted offenses it found appellant committed." (footnote omitted)).

the context of jury unanimity. Although the appellant correctly identifies one rationale behind finding error in an improper jury charge, the source of the error has little relevance to the harmfulness of the error. The appellant gives no explanation why this argument should have contributed to a determination of egregious harm, and we find no independent reason for the Court of Appeals to have addressed this unsupported argument.

Fourth, the appellant claims that the prosecutor, in closing, argued that the jury could be a plurality as to the three statutory offenses, that is, that the jurors did not have to be unanimous as to any one offense. Although the appellant acknowledges that the Court of Appeals addressed the prosecutor's closing, he disagrees with the manner in which the Court analyzed this issue. During his closing, the prosecutor said:

> Paragraph one [of the jury charge] tells you that this assault, this type of assault can be committed in three different ways, and they're listed there. And they are co-joined by a disjunctive word "or" which means that you may find from the evidence beyond a reasonable doubt that one of those ways was proved to your satisfaction beyond a reasonable doubt. You may find that two of them, two of the three, you may find that all three were substantiated by the testimony and/or medical evidence and the work-up by the lab. You may find all three of them there, but you only need to find one in order to find the defendant guilty of the offense of aggravated sexual assault of a child.[34]

We do not read the prosecutor's argument as authorizing fewer than all jurors to convict on at least one of the three listed statutory offenses. The prosecutor told the jurors they might find the evidence supported guilt on either one offense, two offenses, or all three of the offenses. Contrary to what the appellant claims, nowhere in the prosecutor's argument did he specifically tell jurors they could be less than unanimous as to any one of the statutory offenses. The appellant, again, makes no argument why this supports a finding of egregious harm. In *Ngo* we found egregious

---

[34] Reporter's Record, Vol. 9: 173-74.

harm, in part because jurors were expressly told by both the prosecutor and the trial judge that they did not have to be unanimous as to any one offense.[35] Particularly in light of our decision in that case, we see no reason the Court of Appeals here should have addressed the issue in the manner the appellant urges.

Finally, the appellant points to factors in the record as a whole that would have supported his claim that he suffered egregious harm. These are the failure of trial counsel to ask the State to elect, the fact that some testimony suggested some of the criminal conduct might have occurred on different days and possibly in another county, and the fact that the videotapes should not have been admissible even though no objection was made. We fail to see how these show egregious harm.

We vacate the judgment of the Court of Appeals and remand the case to that court for a review of the record consistent with this opinion.

Filed: February 13, 2008.
Publish.

---

[35] 175 S.W.3d, at 750-51.