# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-04-00203-CR
## NO. 03-04-00270-CR

**Craig Jonathan Warner, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
### NOS. 7410 & 7411, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In each of these causes, appellant Craig Jonathan Warner was convicted by a jury for the aggravated sexual assault of a child under the age of fourteen. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2007). Each indictment contained a single count, but that count contained three paragraphs alleging three different statutory offenses under section 22.021: penetration of the complainant's sexual organ by appellant's finger (section 22.021(a)(1)(B)(i)), contact between the complainant's sexual organ and appellant's mouth (section 22.021(a)(1)(B)(iii)), and contact between the complainant's anus and appellant's sexual organ (section 22.021(a)(1)(B)(iv)). The trial court's charge permitted the jurors to return a general verdict convicting appellant for aggravated sexual assault without requiring them to agree as to the specific offense committed. On original

submission, we agreed with appellant that this was charge error that violated his right to a unanimous jury verdict. *Warner v. State*, Nos. 03-04-00203-CR & 03-04-00270-CR, 2005 Tex. App. LEXIS 7790, at *10-11 (Tex. App.—Austin Sep. 22, 2005) (mem. op., not designated for publication); *see Ngo v. State*, 175 S.W.3d 738, 749 (Tex. Crim. App. 2005); *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999). Appellant had not objected to the charge on this ground, however, and we concluded that the error did not cause appellant egregious harm. *See Ngo*, 175 S.W.3d at 749; *see also Jimenez v. State*, 32 S.W.3d 233, 238-39 (Tex. Crim. App. 2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Accordingly, we affirmed the judgments of conviction.

In the course of our harm analysis on original submission, we referred to the court of criminal appeals's statement in *Dickey v. State*, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999), that it is the appellant's burden to prove that he suffered some actual, rather than merely theoretical, harm from the charge error. We failed to take into account the court of criminal appeals's holding in *Ovalle v. State*, 13 S.W.3d 774, 787 (Tex. Crim. App. 2000), that rejected the concept of burdens of proof in *Almanza* harm analysis. On appellant's petitions for discretionary review in these causes, the court of criminal appeals "affirm[ed] that burdens of proof or persuasion have no place in a harm analysis conducted under *Almanza*" and sustained appellant's ground for review complaining that we had erroneously placed on him the burden of proving harm. *Warner v. State*, Nos. PD-1680-05 & PD-1681-05, 2008 Tex. Crim. App. LEXIS 217, at *11 (Tex. Crim. App. Feb. 13, 2008). The court vacated our judgment and remanded the causes to us to again review the record, giving consideration to the fact that neither party has a burden to show harm. *Id*.

2

The court of criminal appeals overruled appellant's second ground for review, by which he complained that we had failed to consider five specific factors that he claimed would support a finding of egregious harm. The court discussed each factor individually and held in each instance that there was no error in our having failed to address it. *Id.*, at *11-15. Therefore, the court of criminal appeals found no error in the scope of our harmless error review. The error lay entirely in our having placed the burden on appellant to show harm.

We will not lengthen this opinion by repeating the factual summary or the harm analysis that can be found in our original opinion. Having reconsidered the record and without placing any burden of persuasion on either appellant or the State, we again conclude, for the reasons stated in our original opinion, that the harm alleged by appellant as a result of the charge error was entirely theoretical. Appellant did not suffer actual, egregious harm because the jury could have given effect to his defensive theory and acquitted him under the instructions given and because the evidence is sufficient to support all the allegations in the indictments. *See Martinez v. State*, 212 S.W.3d 411, 420-21 (Tex. App.—Austin 2006, pet. ref'd).

The judgments of conviction are affirmed.

_____
Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed on Remand

Filed:   April 2, 2008

Do Not Publish