In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00023-CR

                                                ______________________________

 

 

                                   GLEN MORRIS BROWN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-1288-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Glen
Morris Brown[1]
entered an open plea of guilty to the first degree felony offense of possession
of a controlled substance, cocaine with intent to deliver, in an amount of 4
grams or more but less than 200 grams.[2]  The trial court sentenced Brown to thirty years’
imprisonment and ordered Brown pay a reimbursement fee of $140.00 to the Texas Department
of Public Safety.   

            Brown
has filed a single brief for each of three appeals challenging the
reimbursement order in the trial court’s judgment in each of the three cases
for which he was convicted.  For the
reasons we state in our opinion issued in cause number 06-11-00022-CR, we find
there was insufficient evidence for the trial court to assess the reimbursement
fee, and we modify the judgment to strike that provision.  

            As modified, we affirm the trial
court’s judgment and sentence.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          July 11, 2011

Date Decided:             August 2, 2011

 

Do Not Publish











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See Tex. Gov’t Code Ann. § 73.001 (West 2005).
 We are unaware of any conflict between
precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex. R. App. P.
41.3.

 





[2]In
the same proceeding, Brown pled guilty to two state jail felony charges of
manufacture or delivery of a controlled substance, cocaine, less than one gram
(our cause numbers 06-11-00022-CR and 06-11-00024-CR).  See
generally Tex. Health & Safety
Code Ann. § 481.112 (West 2010). 
Brown has filed a single brief raising the same issue in all three
cases; we reach the same result in those other two cases, released today in
separate opinions bearing those cause numbers. 









s New Roman"> 

 I think you get the point. It's any combination. Six of you can think one
manner; six of you can think the other; eight, two, whatever. You can be unanimous
on all of them, all right? 


 So when you go back there, don't get hung up on that.

 

 But I think what the evidence shows y'all, beyond a reasonable doubt, is that
beyond a reasonable doubt, beyond it, based upon what you've heard, that that man
touched her genitals and her breasts, based upon the evidence you've heard. 


 Later, during rebuttal argument, immediately after he thanked the jury for its time and its
attention, a different prosecutor commenced with the following:

 And I'm going to start off with the charge, because I think the charge is
important. You're going to go back there, and you're going to look at it. 

 

 When you look at Paragraph 4, that's the application paragraph, y'all can just
get rid of anus. There's no evidence in the case that he touched her anus. . . . So y'all
get rid of anus.

 

 And the only thing you're left with is genitals or breasts. And like Mr. Vance
said earlier, ten of you can say, "I believe beyond a reasonable doubt that he touched
her genitals." Two of you can say, "I believe beyond a reasonable doubt that he
touched her breasts." And it doesn't matter. We just need one.


 All twelve of you could believe beyond a reasonable doubt, with the credible
evidence in this case, that he touched her genitals and that he touched her breasts,
that's fine, too.


 In other words, the State repeatedly urged the jurors to do precisely what they were prohibited
by the constitution from doing: arriving at a nonunanimous verdict, making this an error which goes
to "the very basis of the case." Warner, 245 S.W.3d at 462. Since the caselaw instructs us time and
again to look to the entire case, including jury argument, (9) to determine whether egregious error has
occurred, we must do so. Had this strategy not been pursued by the State in jury argument, then the
argument could more easily have been made that the harm suffered by Hines was only theoretical
and not actual. See Arline v. State, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986); Almanza, 686
S.W. 2d at 174. However, in order for us to conclude that the error was harmless in this case, we
must first determine that the members of the jury either did not hear or simply ignored the State's
repeated arguments and pleas to arrive at a nonunanimous verdict. See Mathonican v. State, 194
S.W.3d 59, 66 (Tex. App.--Texarkana 2006, no pet.). We cannot do so. The State, by twice
emphasizing the very point which was in error, exponentially magnified the error contained in the
charge and converted it from theoretical harm into actual harm.

 The point of error is sustained. 

 We reverse the judgment and remand the case to the trial court for a new trial.




 Bailey C. Moseley

 Justice


Date Submitted: September 29, 2008

Date Decided: October 23, 2008


Publish
1. Pseudonyms are used in the identification of each of the minors involved, including those
who are witnesses.
2. The enhancement used by the State showed that Hines had been previously convicted of
burglary.
3. This list is illustrative, rather than exhaustive, and extraneous-offense evidence may be
admissible when a defendant raises a defensive issue that negates one of the elements of the offense.
Martin v. State, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005).

 
4. U.S. Const. amends. IV, XIV; Tex. Const. art. I, §§ 11a, 14.
5. Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 2006).
6. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art.
1.05 (Vernon 2006).
7. This contrasts with the situation in which the defendant raises a proper objection at trial; in
that circumstance, reversal is required if this error was calculated to injure the defendant. Almanza,
686 S.W.2d at 171; Aguilar v. State, 914 S.W.2d 649, 651 (Tex. App.--Texarkana 1996, no pet.). 
The presence of any harm, regardless of degree, is sufficient to require reversal. Abdnor, 871 S.W.2d
at 732. There is no burden of proof on the defendant, our determination is simply made from a
review of the record. Ngo, 175 S.W.3d 738; see Warner v. State, 245 S.W.3d 458 (Tex. Crim. App.
2008).
8. Although both the indictment and the charge to the jury mentioned the touching of the anus,
there was never any evidence that Hines had ever touched the child's anus.
9. Warner, 245 S.W.3d at 465; Sanchez v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006);
Ngo, 175 S.W.3d at 750; Almanza, 686 S.W.2d at 171.