COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

WALTER CORNET,                          §

             Appellant,                 §

v.                                              §

THE STATE OF TEXAS,                §

             Appellee.                   §

                              §

No. 08-09-00054-CR

Appeal from the

384th District Court

of El Paso County, Texas

(TC# 20060D03223)

## OPINION ON REMAND

Appellant, Walter Cornet, was convicted of two counts of aggravated sexual assault of a child, his eight-year-old stepdaughter, the first for digital penetration of the child's sexual organ and the second for making oral contact with the child's anus. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i),(iv) & (a)(2)(B). Appellant appealed his conviction, asserting the trial court violated his confrontation rights and erred by denying his request for a defensive medical-care instruction. *See* TEX. PENAL CODE ANN. § 22.021(d). We affirmed the trial court's judgment, and the Texas Court of Criminal Appeals granted Appellant's petition for discretionary review on the medical-care instruction issue.[1] *See Cornet v. State*, 359 S.W.3d 217 (Tex.Crim.App. 2012).

In reviewing the trial court's failure to include the requested defensive medical-care instruction, we reviewed the evidence presented at trial and determined that none of Appellant's

---

[1] Our unreported opinion affirming the trial court's judgment is set forth in *Cornet v. State*, No. 08-09-00054-CR, 2010 WL 2396799, at *4 (Tex.App.–El Paso June 16, 2010, pet. granted) (not designated for publication).

testimony nor his written statement admitted to the offense of digital penetration of the child's vagina. *See Cornet v. State*, No. 08-09-00054-CR, 2010 WL 2396799, at *1, *3-4 (Tex.App.–El Paso June 16, 2010, pet. granted). Rather, Appellant expressly denied ever penetrating K.M.'s sexual organ with his finger or that he invaded her private parts. Having denied the penetration element of the offense, we concluded that Appellant failed to admit to every element of the offense and thus was not entitled to the defensive instruction. *Id.; see Shaw v. State*, 243 S.W.3d 647, 659 (Tex.Crim.App. 2007) (a defensive instruction is not appropriate when the defensive evidence fails to admit to every element of the offense).

However, the Court of Criminal Appeals concluded that the medical-care defense may be raised by evidence supporting a "mere" medical inspection, and determined that the trial court erred in denying Appellant's requested jury instruction because the evidence at trial raised the issue of whether Appellant's conduct legitimately consisted of medical care. *Cornet*, 359 S.W.3d at 223-24. The Court reversed our judgment on the jury-instruction issue and remanded the case for our determination of the existence and extent of any harm resulting from the trial court's error. *Id.* at 228.

Because error was preserved at trial, we must reverse if the error is "calculated to injure the rights of the defendant," which means that the accused has suffered some harm from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). We determine the actual degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Warner v. State,* 245 S.W.3d 458, 461 (Tex.Crim.App. 2008); *Almanza*, 686 S.W.2d at 171. The harm must be actual and not just

2

theoretical. *Almanza*, 686 S.W.2d 174.

The State's evidence consisted largely of: (1) the forensic interview statements of K.M. as set forth in the "outcry" testimony of forensic interviewer, Laura Frescas, and the interview recording, and Appellant's statement to Detective Terrazas. During the interview with Frescas, K.M. relayed that Appellant sexually abused her by having her sit on his face as he licked her anus with his tongue. K.M. also drew a picture illustrating the sexual conduct. Following K.M.'s interview, Appellant provided a written statement to Detective Terrazas in which he admitted to examining the child's anus and labia for evidence of sexual contact or injury. An excerpted portion of Appellant's statement reads as follows:

> I first explained to Detective Terrazas that I suspected my step-daughter had problems because she had divulged to me that she had sex with both of her brothers, which caused me great concern. I then explained to him that on one particular incident I had physically examined my step-daughter because she had secrets which I believed were sexual in nature and she came into my bedroom with only a dress on and no underwear. She lifted her dress to me and exposed herself when I noticed that she was not wearing underwear. She showed me her rear-end and I noticed that she covered her vaginal area with her hand. This made me want to examine her to see if she had any physical evidence of sexual contact or injury.

> I laid her down on the bed in my master bedroom and proceeded to examine her. I did it in a playful manner, basically telling her how to do it to keep from alarming her. I had her spread her legs while she was on her stomach while I opened her buttocks to check her anus and labia. I visually inspected her genital area and remember my fingers getting wet when they may have--which she may have thought was my licking [her] anus. My fingers made contact with her anus but it was only during the time that I was examining her. There was no intent for any sexual gratification.

> My fingers also made contact with her labia which I spread to see if her hymen was intact because of her age. I did not know if it would have been developed. After examining the child I noticed that she did not have a hymen, which I do not know if it had not been developed or had been broken. The examination was inconclusive and her anus did not appear to be stretched or ripped. I determined there was nothing wrong with the child and spanked her buttocks and said to her that she could go, in a playful manner.

3

At trial, Appellant expressly denied penetrating K.M.'s vagina with his finger or licking her anus, stating that he "did not have to" as he "was looking for external signs of any injuries."

The jury was properly charged on the law of the case, including applicable definitions, application paragraphs, reasonable doubt, presumption of innocence, burden of proof, role of the jury, and manner of deliberation. In its Count I application paragraph, the trial court specifically instructed the jury that if they found from the evidence beyond a reasonable doubt that Appellant intentionally or knowingly caused his finger to penetrate K.M.'s sexual organ, they must return a verdict of guilty, and if they did not so find, they must return a not-guilty verdict. The trial court provided the same instructions regarding the second count of the indictment for the alleged touching of K.M.'s anus to Appellant's mouth.

In his statement and his trial testimony, Appellant asserted that he only examined K.M. to see if she had any evidence of sexual contact or injury, and he denied any sexual abuse of K.M. He specifically denied penetrating K.M.'s sexual organ with his finger. Appellant also testified that he did not inform his wife, K.M.'s mother, about "what [was] going on" with K.M. until the following day, and acknowledged that he did not take K.M. to a medical doctor.

During closing argument, Appellant insisted that the evidence did not prove penetration of K.M.'s sexual organ by his finger. He urged the jury to read his statement to see that he had not confessed to anything. Appellant's defense that he did not molest K.M. and lacked any criminal intent because he had a legitimate reason for "examining" K.M. was thus placed squarely before the jury.

As the sole judge of the weight and credibility of witnesses, the jury was free to believe or disbelieve all or any part of Appellant's testimony. TEX. CODE CRIM. PROC. ANN. art. 38.04

4

(West 1979); *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App. 1984). The jury had before it Appellant's defensive theory and could have accepted Appellant's testimony and returned a verdict of not guilty but, instead, chose to believe the State's evidence. *Williams*, 692 S.W.2d at 676. The jury could have believed Appellant's testimony that his examination of K.M. was for legitimate purposes, determined that he lacked any criminal *mens rea*, and found Appellant not guilty, but it did not. The jury's verdict inferentially resolved the issue that would have been presented had the trial court given Appellant's requested medical-care instruction. *See Durden v. State*, 290 S.W.3d 413, 421 (Tex.App.–Texarkana 2009, no pet.) (finding jury inferentially resolved issue for which instruction had not been given). Moreover, because Appellant did not immediately inform K.M.'s mother about "what [was] going on" or of his need to immediately examine her and in light of Appellant's testimony regarding the examination, including its time, place, and manner, the jury had sufficient evidence before it to disbelieve Appellant's version of the events and his defensive testimony regarding his medical-care examination. Nothing in the record or in Appellant's argument shows the jury would have attached any more credence to Appellant's testimony that he was only performing "medical care" than they did to his testimony of denying the act of penetration. As the jury resolved these issues against Appellant, we find any error in the trial court's failure to give the instruction was harmless.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

October 31, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

5

(Do Not Publish)