COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 

 


 
 
  
 WALTER CORNET,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-09-00054-CR
  
 Appeal from the
  
 384th
 District Court
  
 of El
 Paso County, Texas
  
 (TC# 20060D03223)
  
 
 


 

 

OPINION
ON REMAND

 

Appellant, Walter Cornet, was convicted of
two counts of aggravated sexual assault of a child, his eight-year-old
stepdaughter, the first for digital penetration of the child’s sexual organ and
the second for making oral contact with the child’s anus.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i),(iv)
& (a)(2)(B).  Appellant appealed his
conviction, asserting the trial court violated his confrontation rights and
erred by denying his request for a defensive medical-care instruction.  See Tex. Penal Code Ann. § 22.021(d).  We affirmed the trial court’s judgment, and
the Texas Court of Criminal Appeals granted Appellant’s petition for
discretionary review on the medical-care instruction issue.[1]  See
Cornet v. State, 359 S.W.3d 217 (Tex.Crim.App. 2012).

In reviewing the trial court’s failure to
include the requested defensive medical-care instruction, we reviewed the
evidence presented at trial and determined that none of Appellant’s testimony
nor his written statement admitted to the offense of digital penetration of the
child’s vagina.  See Cornet v. State, No. 08-09-00054-CR, 2010 WL 2396799, at *1,
*3-4 (Tex.App.–El Paso June 16, 2010, pet. granted).  Rather, Appellant expressly denied ever
penetrating K.M.’s sexual organ with his finger or that he invaded her private
parts.  Having denied the penetration element
of the offense, we concluded that Appellant failed to admit to every element of
the offense and thus was not entitled to the defensive instruction.  Id.;
see Shaw v. State, 243 S.W.3d 647,
659 (Tex.Crim.App. 2007) (a defensive instruction is not appropriate when the
defensive evidence fails to admit to every element of the offense).

However, the Court of Criminal Appeals
concluded that the medical-care defense may be raised by evidence supporting a
“mere” medical inspection, and determined that the trial court erred in denying
Appellant’s requested jury instruction because the evidence at trial raised the
issue of whether Appellant’s conduct legitimately consisted of medical
care.  Cornet, 359 S.W.3d at 223-24. 
The Court reversed our judgment on the jury-instruction issue and
remanded the case for our determination of the existence and extent of any harm
resulting from the trial court’s error.  Id. at 228.

Because error was preserved at trial, we
must reverse if the error is “calculated to injure the rights of the
defendant,” which means that the accused has suffered some harm from the
error.  Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).  We determine the actual degree of harm in
light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel, and
any other relevant information revealed by the record of the trial as a
whole.  Warner v. State, 245 S.W.3d 458, 461 (Tex.Crim.App. 2008); Almanza, 686 S.W.2d at 171.  The harm must be actual and not just
theoretical.  Almanza, 686 S.W.2d 174.

The State’s evidence consisted largely of:  (1) the forensic interview statements of K.M.
as set forth in the “outcry” testimony of forensic interviewer, Laura Frescas,
and the interview recording, and Appellant’s statement to Detective
Terrazas.  During the interview with
Frescas, K.M. relayed that Appellant sexually abused her by having her sit on
his face as he licked her anus with his tongue. 
K.M. also drew a picture illustrating the sexual conduct.  Following K.M.’s interview, Appellant
provided a written statement to Detective Terrazas in which he admitted to
examining the child=s anus
and labia for evidence of sexual contact or injury.  An excerpted portion of Appellant’s statement
reads as follows:

I
first explained to Detective Terrazas that I suspected my step-daughter had
problems because she had divulged to me that she had sex with both of her
brothers, which caused me great concern. 
I then explained to him that on one particular incident I had physically
examined my step-daughter because she had secrets which I believed were sexual
in nature and she came into my bedroom with only a dress on and no
underwear.  She lifted her dress to me
and exposed herself when I noticed that she was not wearing underwear.  She showed me her rear-end and I noticed that
she covered her vaginal area with her hand. 
This made me want to examine her to see if she had any physical evidence
of sexual contact or injury.

 

I
laid her down on the bed in my master bedroom and proceeded to examine
her.  I did it in a playful manner,
basically telling her how to do it to keep from alarming her.  I had her spread her legs while she was on
her stomach while I opened her buttocks to check her anus and labia.  I visually inspected her genital area and
remember my fingers getting wet when they may have--which she may have thought
was my licking [her] anus.  My fingers
made contact with her anus but it was only during the time that I was examining
her.  There was no intent for any sexual
gratification.

 

My
fingers also made contact with her labia which I spread to see if her hymen was
intact because of her age.  I did not
know if it would have been developed. 
After examining the child I noticed that she did not have a hymen, which
I do not know if it had not been developed or had been broken.  The examination was inconclusive and her anus
did not appear to be stretched or ripped. 
I determined there was nothing wrong with the child and spanked her
buttocks and said to her that she could go, in a playful manner.

 

At trial, Appellant expressly denied
penetrating K.M.=s vagina
with his finger or licking her anus, stating that he “did not have to” as he “was
looking for external signs of any injuries.”

The jury was properly charged on the law of
the case, including applicable definitions, application paragraphs, reasonable
doubt, presumption of innocence, burden of proof, role of the jury, and manner
of deliberation.  In its Count I
application paragraph, the trial court specifically instructed the jury that if
they found from the evidence beyond a reasonable doubt that Appellant
intentionally or knowingly caused his finger to penetrate K.M.’s sexual organ,
they must return a verdict of guilty, and if they did not so find, they must
return a not-guilty verdict.  The trial
court provided the same instructions regarding the second count of the
indictment for the alleged touching of K.M.’s anus to Appellant’s mouth.

In his statement and his trial testimony,
Appellant asserted that he only examined K.M. to see if she had any evidence of
sexual contact or injury, and he denied any sexual abuse of K.M.  He specifically denied penetrating K.M.’s
sexual organ with his finger.  Appellant
also testified that he did not inform his wife, K.M.’s mother, about “what [was]
going on” with K.M. until the following day, and acknowledged that he did not
take K.M. to a medical doctor.

During closing argument, Appellant insisted
that the evidence did not prove penetration of K.M.’s sexual organ by his
finger.  He urged the jury to read his
statement to see that he had not confessed to anything.  Appellant’s defense that he did not molest
K.M. and lacked any criminal intent because he had a legitimate reason for
“examining” K.M. was thus placed squarely before the jury.

As the sole judge of the weight and
credibility of witnesses, the jury was free to believe or disbelieve all or any
part of Appellant’s testimony.  Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979); Williams v. State, 692
S.W.2d 671, 676 (Tex.Crim.App. 1984). 
The jury had before it Appellant’s defensive theory and could have
accepted Appellant’s testimony and returned a verdict of not guilty but,
instead, chose to believe the State’s evidence. 
Williams, 692 S.W.2d at
676.  The jury could have believed
Appellant’s testimony that his examination of K.M. was for legitimate purposes,
determined that he lacked any criminal mens
rea, and found Appellant not guilty, but it did not.  The jury’s verdict inferentially resolved the
issue that would have been presented had the trial court given Appellant’s
requested medical-care instruction.  See Durden v. State, 290 S.W.3d 413, 421
(Tex.App.–Texarkana 2009, no pet.) (finding jury inferentially resolved issue
for which instruction had not been given). 
Moreover, because Appellant did not immediately inform K.M.’s mother
about “what [was] going on” or of his need to immediately examine her and in
light of Appellant’s testimony regarding the examination, including its time,
place, and manner, the jury had sufficient evidence before it to disbelieve
Appellant’s version of the events and his defensive testimony regarding his
medical-care examination.  Nothing in the
record or in Appellant’s argument shows the jury would have attached any more
credence to Appellant’s testimony that he was only performing “medical care” than
they did to his testimony of denying the act of penetration.  As the jury resolved these issues against
Appellant, we find any error in the trial court’s failure to give the
instruction was harmless.

CONCLUSION

The trial court’s judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

October 31, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]
Our unreported opinion affirming the trial court’s judgment is set forth
in Cornet v. State, No.
08-09-00054-CR, 2010 WL 2396799, at *4 (Tex.App.–El Paso June 16, 2010, pet.
granted) (not designated for publication).