**Opinion issued July 29, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-13-00689-CR

—————————————

**KENNETH RAY NELMS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1324624**

---

## MEMORANDUM OPINION

Kenneth Ray Nelms, Jr., appellant, was indicted by a grand jury for the offense of capital murder. *See* TEX. PENAL CODE ANN. §19.03(a)(2) (West Supp. 2013). A jury found Nelms guilty, and the trial court assessed punishment at life imprisonment. On appeal, Nelms contends in a single issue that the trial court

erred in overruling his objection to the jury charge, applying the law of the parties to capital murder. We affirm.

## Background

In June 2011, Jatoya Wilson planned to see a movie with Terrance Nelson. Shortly before 1:00 p.m., she received a text from Nelson, informing her that he was waiting for her at home. As planned, Wilson left work early and arrived home near 3:00 p.m. Nelson's car was missing, and Wilson noticed that the front door was open. At the threshold, she noticed that the living room was in disarray, and their TV was missing. She checked the master bedroom and observed that Nelson's laptop also was missing. Upon further inspection of the home, she discovered Nelson in her son's bedroom, lying motionless on his side, with a pool of blood by his head. Wilson called 9-1-1.

Houston Police Officer D. White responded to the 9-1-1 dispatch. When she arrived, she found Wilson standing in front of her home, uncommunicative and apparently in shock. Officer White inspected the house, found Nelson's body, and called for emergency medical assistance. Nelson was confirmed dead, due to a gunshot to the head at close range.

The homicide investigation led to the identification of Nelms and another individual, Barry Jones, as suspects. Nelms was subsequently indicted and tried for capital murder.

After the close of evidence, the trial court held a charge conference, during which the following exchange occurred:

> THE COURT:  Both sides having rested and closed yesterday, we're here on the record to discuss the Court's charge. . . .  I will allow both sides to be heard and clarify the Court's understanding or make objections or requests. . . .  [T]here was some discussion yesterday that the Defense would be . . . requesting a lesser-included instruction. . . .
>
> DEFENSE COUNSEL:  That is true, if the Judge overrules my objections to the conspiracy and parties charge.  I do not want those lesser-includeds if there is no conspiracy or parties charge.  So, I want to make sure that the record is clear I'm not waiving the objection to the conspiracy and parties charge. . . .
>
> THE COURT:  Since [defense counsel] is going to have an objection to the parties and the conspiracy—
>
> DEFENSE COUNSEL:  The conspiracy charge.
>
> THE COURT:  —parties charge, I'll let you be heard with regard to that. . . .
>
> THE STATE: The State requests that there be a charge of parties as well as conspiracy. . . .  We think the underlying felony of burglary of a habitation is clearly the law of parties. . . .
>
> THE COURT: Let me just address, first of all—and you've made your objection.  If you want to state something more about the parties—
>
> DEFENSE COUNSEL: No. I just made my objection.
>
> THE COURT: The Court is going to overrule the objection and allow the parties and conspiracy instruction with regard to the capital. . . .
>
> . . .
>
> THE COURT: So, now, understanding the objections that have been made, the Court then would have an instruction that would include

3

capital murder with a parties and a conspiracy instruction, felony murder with a parties and a conspiracy instruction, and burglary of a habitation with a parties instruction, a principal and a parties instruction.

THE STATE: Okay. That is the State's belief.

. . .

THE COURT: In light of that, do you [defense counsel] have anything additional?

DEFENSE COUNSEL: Not on these issues. . . .

Following the charge conference, the Court issued jury instructions that included a capital murder charge contingent on a finding either that Nelms was the principal actor under the law of parties or that Nelms was a co-conspirator. The capital murder charge instructing the jury on the law of parties, in relevant part, stated:

> [Y]ou must find from the evidence beyond a reasonable doubt that [Nelms], with the intent to promote or assist in the commission of the offense of burglary of habitation, if any, solicited, encouraged, directed, aided, or attempted to aid [Jones] in shooting [Nelson], if he did, with the intention of thereby killing [Nelson] . . . and unless you so find, then you cannot convict [Nelms] of the offense of capital murder.

Continuing on with the application of the law of parties, the trial court additionally stated in the jury charge:

> If you find from the evidence beyond a reasonable doubt that on or about the 17th day of June, 2011, in Harris County, Texas, [Jones] did then and there unlawfully, while in the course of committing or attempting to commit the burglary of habitation of [Nelson], intentionally cause the death of [Nelson] by shooting [Nelson] with a deadly weapon, namely a firearm, and that [Nelms], with the intent to

4

promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid [Jones] to commit the offense, if he did . . . then you will find the defendant guilty of capital murder, as charged in the indictment.

Nelms challenges the trial court's instructions to the jury regarding the law of parties.

## Charge Error

### *Standard of Review*

In analyzing a jury-charge issue, our first duty is to decide if error exists. *See Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984) (op. on reh'g); *Tottenham v. State*, 285 S.W.3d 19, 30 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Only if we find error do we then consider whether an objection to the charge was made and analyze for harm. *Tottenham*, 285 S.W.3d at 30; *see also Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) ("The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal.").

### *Capital Murder and the Law of Parties*

"Under Texas law, a person commits the offense of murder if he "intentionally or knowingly causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). Additionally, a person commits the offense of capital murder if he commits the offense of murder as defined in section

5

19.02(b)(1) of the Texas Penal Code, while "in the course of committing or attempting to commit . . . burglary…" *Id.* § 19.03(a)(2).

Texas law provides that "[e]ach party to an offense may be charged and convicted with the commission of the offense without alleging that he or she acted as the principal or accomplice." TEX. PENAL CODE ANN. § 7.01(b), (c) (West 2011); *Hayes v. State*, 265 S.W.3d 673, 678–79 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Under the law of parties, "[a] person is criminally responsible as a party to [capital murder] if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE ANN. § 7.01(a) (West 2011). Additionally, a person is criminally responsible for the conduct of another for the offense of capital murder if "acting with intent to promote or assist the commission of [capital murder], he solicits, encourages, directs, aids, or attempts to aid the other person to commit [capital murder]." *Id.* § 7.02(a)(2).

Nelms contends that the jury charge failed to properly instruct the jury on the level of intent required to find him guilty of the offense of capital murder. "A charge that does not set out all of the essential elements of an offense is fundamentally defective." *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013). Specifically, Nelms argues that the charge language explaining the law of parties liability allowed the jury to reach a conviction for capital murder if they

6

found that he only had the intent to promote or assist in the commission of the offense of burglary of habitation. Nelms references that part of the jury instruction that reads, "you must find from the evidence beyond a reasonable doubt that [Nelms], with the intent to promote or assist in *the offense of burglary of habitation.*" He argues that it should have instructed "with the intent to promote or assist in *[the offense of capital murder]*," instead. This excerpt, however, does not accurately reflect the entire instruction in context. As a whole, the instruction reads,

> you must find from the evidence beyond a reasonable doubt that [Nelms], with the intent to promote or assist in the offense of burglary of habitation, if any, solicited, encouraged, directed, aided, or attempted to aid [Jones] in shooting [Nelson], if he did, *with the intention of thereby killing [Nelson].*"

(emphasis added). Our court has approved of capital murder instructions using similar language. *See Holford v. State*, 177 S.W.3d 454, 461 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (upholding instruction that read "you must find from the evidence beyond a reasonable doubt that defendant [], *with the intent to promote or assist in the commission of the offense of robbery, if any, solicited, encouraged, directed, aided, or attempted to aid [accomplice] in cutting or striking [the victim], if he did, with the intention of thereby killing [the victim] . . .*") (emphasis added)).

Because the charge properly instructed the jury to convict Nelms of capital murder only if it found he had the requisite culpable mental state for the offense, he has not demonstrated jury charge error. *See Middleton*, 125 S.W.3d at 453; *Abdnor*, 871 S.W.2d at 731–32. Absent error, Nelms may not complain of any harm. *See Middleton*, 125 S.W.3d at 453; *Abdnor*, 871 S.W.2d at 731–32.

## Conclusion

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. *See* TEX. R. APP. P. 47.2(b).