

NUMBER 13-13-00626-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DEDRICK ROY BONNER,**                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

## On appeal from the 24th District Court
## of Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

By one issue, appellant Dedrick Roy Bonner alleges the trial court committed reversible error by not including an instruction on self-defense in the jury charge. We affirm.

## I.    BACKGROUND

Bonner and a co-defendant, Donnell Dilworth, were both charged by a shared indictment with two counts.   The first count was for the capital murder of Jerry Paul James, and the second count was for the aggravated assault of Allaceia Stephany.   *See* TEX. PENAL CODE ANN. §§ 19.03, 22.02. (West, Westlaw through Chapter 46 2015 R.S.) Both co-defendants pleaded not guilty and were tried together in a consolidated trial before a jury.[1]

The evidence showed that on April 24, 2012, Bonner and Dilworth visited James's apartment because, according to Bonner, James had wanted to fight Dilworth for calling him a "snitch."   The men resolved their differences and everyone left.   However, Bonner asserts that James later called him and told Dilworth and Bonner to return because he wanted to fight Dilworth after all.   Bonner and Dilworth returned and approached James's apartment.   Although the events that followed were disputed by witnesses at trial, all concede that Dilworth and James were going to engage in a physical fight to resolve their differences.

Bonner testified during the jury trial and stated that James ran out of his apartment at Dilworth, but then turned and came at Bonner, clutching knives in both hands.   Bonner testified that he started "backpedaling", fearing for his life, pulled the handgun he carried out of his waistband, and shot at James.   Bonner also testified he saw Stephany coming at him and shot in her direction.

---

[1] Although both defendants were tried in a consolidated trial, this appeal only applies to defendant Bonner.

Stephany disputed Bonner's testimony and said that Dilworth and James were "squaring off" to fight when Bonner walked up and "just shot James in the head". She stated she yelled at Bonner, and he turned, pointed the gun at her, and shot her in the leg.

At the conclusion of the trial, both Bonner and Dilworth requested a self-defense instruction in the jury charge and filed their shared version of the proposed instruction with the trial court. The State objected to the proposed instruction arguing that both defendants had committed actions that denied their right to raise a self-defense claim. The trial court agreed with the State and did not include a self-defense instruction in the jury charge. The jury found Bonner guilty of capital murder and aggravated assault. He was sentenced to life without parole and thirty-five years imprisonment, respectively, in the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II. SELF DEFENSE IN THE JURY CHARGE

By his sole issue, Bonner alleges that the trial court committed reversible error by not including his requested instruction on self-defense in the jury charge.

### A. Standard of Review

"In analyzing a jury-charge issue, our first duty is to decide if error exists." *Rodriguez v. State*, 456 S.W.3d 271, 280 (Tex. App.—Houston [1st Dist.], no pet.) (citing *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g)). Only if error is found do we then consider whether an objection to the charge was made and analyze for harm. *Id.* "The degree of harm necessary for reversal depends upon whether the error was preserved." *Id.* (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). If "an error is preserved with a timely objection…then the jury-charge

3

error requires reversal if the appellant suffered some harm as a result of the error." *Sanchez v. State*, 376 S.W.3d 767, 774 (Tex. Crim. App. 2012) (citing *Almanza*, 686 S.W.2d at 171). The Court of Criminal Appeals "has interpreted this to mean that any harm, regardless of degree, is sufficient to require reversal." *Rodriguez,* 456 S.W.3d at 280. If the appellant "failed to preserve jury-charge error, then we would have reviewed the record for egregious harm." *Id.* The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary to the reversal. *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). When determining whether a defendant suffered harm, "the reviewing court must consider: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other relevant information revealed by the record of the trial as a whole." *Id.* To establish harm, the "appellant must have suffered actual, rather than theoretical, harm." *Warner v. State*, 245 S.W.3d at 461. Neither the State nor the appellant bears the burden on appeal to prove harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

### B. Applicable Law

Self-defense is defined by the use of force.

(a) A person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. The actor's belief that the force was immediately necessary as described by this subsection is presumed to be reasonable if the actor:

. . . .

(2) did not provoke the person against whom the force was used; and (3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the

4

time the force was used.

TEX. PENAL CODE ANN. § 9.31(a)(2),(3).

(b) The use of force against another is not justified:

. . . .

(4) if the actor provoked the other's use or attempted use of unlawful force

 . . . .

or (5) if the actor sought an explanation from or discussion with the other person concerning the actor's differences with the other person while the actor was:

(A) carrying a weapon in violation of Section 46.02; or

(B) possessing or transporting a weapon in violation of Section 46.05.

TEX. PENAL CODE ANN. § 9.31(b)(4),(5)(A,B). "Reasonable belief" is defined as "a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(a)(42). In order to invoke the use of deadly force, Bonner must show he met the elements under § 9.31 in addition to the elements under §9.32. *See* TEX. PENAL CODE ANN. § 9.31, 9.32. The elements of self-defense involving the use of deadly force are:

(a) a person is justified in using deadly force against another: (1) if the actor would be justified in using force against another under Section 9.31 and (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:

(A) to protect the actor against the other's use or attempted use of unlawful deadly force.

TEX. PENAL CODE ANN. § 9.32(a)(1),(2)(A). However, the belief that:

(b) deadly force was immediately necessary as described by that subdivision is presumed to be reasonable if the actor:

. . . .

> (2) did not provoke the person against whom the force was used; and (3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law. . . ."

*Id.* at (b)(2),(3).

It is well settled that if the evidence raises the issue of self-defense, the accused is entitled to have it submitted to the jury. *Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984) (en banc). However, even if the evidence viewed in the light most favorable to the defendant raises a "prima-facie defense, no error is shown in the denial of a defensive instruction if the evidence establishes as a matter of law that the defendant is not entitled to rely on this defense." *Johnson v. State*, 157 S.W.3d 48, 50 (Tex. Crim. App.—Waco 2004, no pet.); *see Dyson*, 672 S.W.2d at 463-65. A defendant is "not entitled to a self-defense instruction if the evidence establishes as a matter of law that one of the exceptions to self-defense listed in section 9.31(b) applies." *Id.*; *see also* TEX. PENAL CODE ANN. § 9.31(b).

### C.    Analysis

Bonner argues that he was entitled to a self-defense instruction in the jury charge, his attorney requested one, and the trial court erred in denying the instruction. The State challenges that assertion stating that Bonner was not entitled to a self-defense instruction based on the exceptions found in section 9.31(b) of the penal code. *Id.* We agree with the State's assertions.

Although there were factual disputes in the testimony as to how the shooting occurred, Bonner himself testified to facts that did not entitle him to a self-defense instruction. Bonner testified that he and Dilworth went over the James's apartment to

6

"resolve an issue" of Dilworth calling James a "snitch." Both defendants believed that James had spoken to the police regarding a robbery that occurred a short time before this altercation. Bonner testified that Dilworth and he were involved in that robbery and thought James had "snitched" to the police. Bonner also testified that he was in "a bad life" and always carried a gun for his protection. He admitted he was affiliated with a gang, although he stated he was not a member.

Even though Bonner initially claims the men resolved their differences, Dilworth and Bonner returned to James's apartment again because James wanted to "fight it out". In other words, Bonner and Dilworth returned to James's apartment knowing that an altercation would take place. A "defendant is not entitled to a self-defense instruction if the evidence establishes as a matter of law that one of the exceptions to self-defense listed in section 9.31(b) applies." *Johnson*, 157 S.W.3d at 50; *Williams v. State*, 35 S.W.3d 783, 786 (Tex. App.—Beaumont 2001, pet. ref'd); *see also* TEX. PENAL CODE ANN. § 9.31(b). And "force used in self-defense is not justified…if the actor provoked the other's use or attempted use of unlawful force." *Dyson*, 672 S.W.2d at 463. By returning to James's apartment, Dilworth and Bonner both provoked the victim's use of force, thereby extinguishing any possible claim of self-defense. *See id.*

Additionally, by going to the apartment, Dilworth and Bonner sought out the victim to discuss their differences while Bonner was carrying a handgun. Under Section 9.31(b)(5)(A), the use of force or deadly force would not be justified. TEX. PENAL CODE ANN. § (5)(A). If the "evidence is undisputed that force was not justified as a matter of law because of section 9.31(b)(5), then a self-defense instruction is barred." *Williams*, 35 S.W.3d at 786. In contrast, if Bonner had sought out another person to discuss a

7

problem with, and gotten into an altercation with James, he could have been entitled to the self-defense instruction. In *Johnson v. State*, the court found the defendant was entitled to a self-defense instruction. *Johnson*, 157 S.W.3d at 51-52. Johnson had gone to his ex-girlfriend's residence looking to speak with her, and got into an altercation with her current boyfriend who was residing there. *Id.* A scuffle ensued, and Johnson shot the boyfriend. *Id.* The Waco Court held that because Johnson had gone to discuss an issue with a person other than the victim, he was entitled to a self-defense instruction in the jury charge. *Id.* Here, Bonner testified that the men went to the apartment seeking out James, so the proper scenario that would have entitled Bonner to the instruction does not apply.

Even though Bonner's attorney requested a defensive instruction on self-defense, the testimony from Bonner himself solidified the fact that he was not entitled to such instruction. *See* TEX. PENAL CODE ANN. §9.31. The trial court did not abuse its discretion in refusing to include the proposed instruction in the jury charge. Because we do not find error, there is no need to further evaluate for harm. *Almanza*, 686 S.W2d at 174.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
9th day of July, 2015.