**Affirmed and Opinion Filed August 14, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00462-CR**

**TREVOR RUSSELL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2175838-T**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Partida-Kipness

In four issues, appellant Trevor Russell challenges his conviction for aggravated assault with a deadly weapon. Russell alleges the trial court erred by failing (1) to include an application paragraph regarding self-defense in the jury charge and (2) to instruct the jury the State bore the burden of disproving his claim of self-defense. Russell also claims his trial counsel was ineffective for failing to object (3) to the omission of the self-defense application paragraph in the jury charge and (4) to the absence of an instruction the State bore the burden of disproving Russell's self-defense claim. We affirm the judgment.

# BACKGROUND

Russell was charged with aggravated assault with a deadly weapon for shooting Vernon Woodward. Woodward testified he initially considered Russell a friend and would work on his car for him. He stated the men had a disagreement over what Woodward believed was a money-related issue. Woodward met Russell at Lucky's Food Mart, a neighborhood hangout, on May 12, 2021, to try to resolve their issue. Woodward said he tried to talk to Russell, but Russell took a posture showing he wanted to fight Woodward. When he realized Russell did not want to discuss the issue, Woodward walked away from him and returned to his vehicle. As Woodward was walking, he stated he heard someone call out his name and say "look out." Woodward turned and saw Russell running towards him. As he approached, Russell pulled out a firearm and shot Woodward in the leg. Woodward fell to the ground and Russell shot him eight additional times. Woodward stated he could not do anything to stop the shooting but just "h[eld] my hands up." Woodward had no type of weapon on him when Russell shot him. Woodward testified he did have a pellet gun in his vehicle but never pulled it out of his car.

Russell testified in his own defense explaining Woodward did some body work on Russell's vehicle. Russell felt Woodward did not properly repair the vehicle and confronted Woodward when the two were at Lucky's Food Mart. Russell stated the two had a verbal altercation and Woodward told him, "I'm not going to fight you

. . . I'm going to shoot you." Russell believed Woodward had a rifle in his vehicle and stated Woodward had intent. Russell also testified he believed another man who worked at Lucky's named Mark, was about to give Woodward a gun. On cross-examination, Russell stated he had a pellet gun and shot Woodward with the pellet gun. He explained he intended to beat Woodward to his weapon. When asked about the surveillance video, Russell admitted it showed him running towards Woodward and Woodward's hands were extended into the air.

The trial court included a self-defense instruction in the abstract portion of the jury charge but it was not included in the application portion. After requesting a self-defense instruction, Russell did not object to the jury charge. The jury convicted Russell of aggravated assault with a deadly weapon. He was sentenced to forty years' imprisonment. This appeal followed.

## ANALYSIS

In four issues, which we reorganized, Russell alleges the trial court erred by failing (1) to include an application paragraph regarding self-defense in the jury charge and (2) to instruct the jury the State bore the burden of disproving his claim of self-defense. Additionally, he argues his trial counsel was ineffective for failing to object (3) to the omission of the self-defense application paragraph in the jury charge and (4) to the absence of an instruction the State bore the burden of disproving Russell's self-defense claim.

## I.      Jury Charge Error

The purpose of the trial court's jury charge is to instruct the jurors on the law applicable to the case. *See* TEX. CODE CRIM. PROC. art. 36.14. The charge is the instrument with which the jury convicts; therefore, it must be an accurate statement of the law and set out the essential elements of the offense. *Fields v. State*, — S.W.3d—, —, No. 01-20-00280-CR, 2022 WL 3268525, at *3 (Tex. App.— Houston [1st Dist.] Aug. 11, 2022, pet. ref'd). A jury charge that improperly states the law or the elements of an offense is erroneous. *Id*.

All alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Appellate review of purported error in a jury charge involves a two-step process. *Id*. First, we determine whether the jury instructions are erroneous. *Id*. Second, if error occurred, an appellate court must analyze the error for harm. *Id*. The issue of error preservation is not relevant until harm is assessed because the degree of harm required for reversal depends on whether error was preserved or not. *Id*.

The failure to preserve jury-charge error is not a bar to appellate review but rather establishes the degree of harm necessary for reversal. *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). Neither the State nor the appellant bears the burden on appeal to prove harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex.

Crim. App. 2013). Harm is assessed in light of the entire jury charge, the state of the evidence, including contested issues and the weight of the probative evidence, the parties' arguments, and all other relevant information in the record. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022); *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011).

If the "defendant never presents a proposed jury instruction (or fails to object to the lack of one), any potential error in the charge is reviewed only for 'egregious harm' under *Almanza*." *Oursbourn v. State*, 259 S.W.3d 159, 174 (Tex. Crim. App. 2008) (citing *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g)). When an "appellant d[oes] not object to the charge, the error does not result in reversal 'unless it was so egregious and created such harm that appellant was denied a fair trial.'" *Warner*, 245 S.W.3d at 461 (quoting *Almanza*, 686 S.W.2d at 171). "Errors that result in egregious harm are those that affect the 'very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Id*. at 461–62 (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). To establish egregious harm, the "appellant must have suffered actual, rather than theoretical, harm." *Id*. at 461.

A proper jury charge consists of an abstract of the law and the application paragraphs. *Smith v. State*, No. 01-22-00471-CR, 2023 WL 4239875, at *6 (Tex. App.—Houston [1st Dist.] June 29, 2023, no pet.). The abstract paragraphs serve as a glossary to help the jury understand concepts and terms used in the application

paragraphs of the charge. *Id*. The application paragraphs then apply the "pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012).

A defendant is entitled to a self-defense instruction when a defensive issue is raised by the evidence, "whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Gamino v. State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017). The defendant bears the burden of production with respect to a defense, and the issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense. *Barnes v. State*, No. 05-22-00013-CR, 2023 WL 3964007, at *2 (Tex. App.—Dallas June 13, 2023, no pet. h.) (mem. op., not designated for publication). To merit a self-defense instruction, an appellant must have adduced some evidence of his state of mind at the time he used the force at issue. *Barnes*, 2023 WL 3964007, at *3; *Vega v. State*, No. 05-16-00882-CR, 2017 WL 1245423, at *2 (Tex. App.—Dallas Apr. 5, 2017, no pet.) (mem. op., not designated for publication).

Russell's jury charge contained the following:

**<u>Application Paragraph</u>**

Now, considering all the law contained in the Court's charge, if you believe from the evidence beyond a reasonable doubt that the Defendant, Trevor Russell, on or about the 19th day of May, 2021, in

–6–

the County of Dallas and said State, did unlawfully then and there intentionally or knowingly or recklessly cause bodily injury to Vernon Woodward, by shooting Vernon Woodward with a firearm, and said defendant did use and exhibit a deadly weapon to wit; a firearm, during the commission of the assault, then you will find the defendant guilty of aggravated assault with a deadly weapon.

If you believe the defendant is not guilty of any offense, or have reasonable doubt thereof, then you will acquit the defendant and say by your verdict "not guilty."

## Self-Defense

'Reasonable belief' means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

The use of force against another is not justified in response to verbal provocation alone.

The use of force against another is not justified if the actor provoked the other's use or attempted use of unlawful force, unless:

> (A)    the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

> (B)    the other nevertheless continues or attempts to use unlawful force against the actor.

A person is justified in using deadly force against another:

> (1)    if the actor would be justified in using force against another; and

(2)     when and to the degree the actor reasonably believes the deadly force is immediately necessary to protect himself against the other's use of unlawful deadly force.

A person who has the right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force.

Russell requested a self-defense instruction but did not object to the jury charge as it was written. However, the jury charge contains error because the requested instruction was only contained in the section titled "Self-Defense" without being included in the application portion of the jury charge. Since Russell did not object to the jury charge as written, the factors must show he suffered egregious harm by the jury charge. We look to the following factors to determine if Russell suffered egregious harm: the entire jury charge, the state of the evidence, including contested issues and the weight of the probative evidence, the parties' arguments, and all other relevant information in the record. *Alcoser*, 663 S.W.3d at 165.

In looking at the jury charge as a whole, we "ask whether anything in the balance of the jury charge either exacerbated or ameliorated th[e] error." *French v. State*, 563 S.W.3d 228, 236 (Tex. Crim. App. 2018). The jury charge contained a section which defined the terms necessary to the charge, an application paragraph, a section on self-defense, and general evidentiary instructions which also explained the State's burden in criminal cases. There was no explanation in the application paragraph regarding what should occur if the jury found Russell acted in self-

–8–

defense. This does weigh slightly in favor of egregious harm. However, the explanation of the self-defense doctrine immediately followed the application paragraph. We could assume the jury would read the two sections together, and if it had believed Russell's self-defense claim, would have found him not guilty of the charged offense. Russell's testimony did not support a valid self-defense claim, the jury did not believe he acted in self-defense, and the "presumption is dependent on the evidence that was adduced at trial." *Villarreal v. State*, 453 S.W.3d 429, 435–36 (Tex. Crim. App. 2015).

The state of the evidence presented at trial also did not support Russell's theory of self-defense. To be entitled to a self-defense instruction, Russell must have believed deadly force was immediately necessary. *See* TEX. PENAL CODE § 9.32. Although Russell testified and stated he felt Woodward threatened him, the evidence does not support this assessment. Woodward testified he was not armed, and no one was bringing him a firearm to shoot at Russell. The surveillance video admitted into evidence supports Woodward's testimony. It shows as Woodward walks away, Russell approached and shot him. Russell continued to shoot Woodward as he laid on the ground with his empty hands raised. Because Russell's claim of self-defense is not supported by the record, the inclusion of the self-defense section in the jury charge was harmless and weighs against a finding of egregious harm. *See Villarreal*, 453 S.W.3d at 439.

In their arguments to the jury, both sides discussed self-defense and its applicability to this offense. The State argued Russell acted intentionally in shooting Woodward and explained how his story of what occurred was not plausible based on the evidence presented. Russell, on the other hand, reiterated the evidence he believed was applicable to a self-defense justification. The fact both sides argued according to their beliefs regarding the applicability of self-defense weighs against a finding of egregious harm.

Other relevant information in the record shows the trial court explained to the jury it was the State's burden to prove Russell was guilty beyond a reasonable doubt and Russell did not have any burden in the case at all. The trial court also told the jury it could send out notes if there were any questions or clarification needed regarding the jury charge. No notes were sent out during jury deliberations. *See Gelinas v. State*, 398 S.W.3d 703, 709 (Tex. Crim. App. 2013) (no showing of egregious harm when there were no jury notes contained in the record showing confusion). The lack of additional information showing harm weighs against a finding of egregious harm.

Russell has not made a showing he was egregiously harmed because based on the evidence in the record, he was not entitled to a self-defense instruction. *See Villarreal*, 453 S.W.3d at 436. After considering the four factors necessary to establish egregious harm, we find Russell has failed to show he was actually harmed

by the omission of self-defense in the application paragraph of the jury charge. His first issue is overruled.

In his second issue, Russell also claims the trial court erred by failing to include penal code section 2.03(d) in the jury charge. Section 2.03(d) states "if the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." TEX. PENAL CODE § 2.03(d). Russell's jury charge stated, "In all criminal cases, the burden of proof is on the State. All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proven beyond a reasonable doubt."

In *Goodson v. State*, as in this case, the charge (1) instructed the jury the burden of proof beyond a reasonable doubt was on the State and (2) contained instructions on the presumption of innocence. *See* No. 05-15-00143-CR, 2017 WL 1360193, at *11 (Tex. App. Apr. 12, 2017). Accordingly, (1) "when the charge is viewed as a whole, it placed the burden on the State to show beyond a reasonable doubt that appellant was not acting in self-defense" and (2) therefore, "[n]o error is shown." *Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979) (rejecting appellant's complaint the jury charge "was erroneous in that it did not inform the jury that the State had to disprove beyond a reasonable doubt the issue of self-defense"); *see also Gonzalez v. State*, No. 05–13–00630–CR, 2014 WL 3736208, at *13–14 Tex. App.–Dallas July 14, 2014, no pet.) (not designated for publication)

(concluding "the trial court did not err by submitting the jury charge without including an instruction that the State was required to disprove the issue of self-defense beyond a reasonable doubt," where charge met requirements of *Luck* and penal code section 2.03(d)) (internal citations omitted). Additionally, Russell did not suffer harm because he was not entitled to a self-defense instruction and was not egregiously harmed by the jury charge as written. We overrule his second issue.

## II.     Ineffective Assistance of Counsel

In his third and fourth issue, Russell argues his trial counsel was ineffective. He states "no competent lawyer would have failed to object to the omission of the application paragraph for self-defense" or "the omission of the reasonable doubt instruction for self-defense."

A successful ineffective assistance claim depends on (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In determining whether counsel's representation was deficient, we indulge a strong presumption counsel's conduct falls within a wide range of reasonable professional assistance, including the possibility counsel's actions were strategic. *Id*. at 689. We focus on the totality of the representation afforded and not on individual alleged errors. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). We consider the adequacy of assistance as viewed at the time of trial, not in hindsight. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). We may not second-guess counsel's strategic decisions and defense counsel's trial strategy cannot be

considered ineffective assistance of counsel simply because another attorney would have used a different strategy. *Herrera v. State*, No. 05-19-00021-CR, 2020 WL 4435309, at *10 (Tex. App.—Dallas Aug. 3, 2020, no pet.) (mem. op., not designated for publication).

To defeat the presumption of reasonable representation, an allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A silent record provides no explanation for counsel's actions and will not overcome the strong presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Moreover, "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander*, 101 S.W.3d at 111. Where trial counsel is not given an opportunity to explain his actions, counsel should only be found ineffective if counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. at 117 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Russell claims his trial counsel was ineffective because he did not object to the omission of self-defense in the application paragraph of the jury charge and penal code section 2.03(d). In his motion for new trial, he failed to raise either of these allegations against his trial counsel; therefore, trial counsel had not been given an

–13–

opportunity to respond to such claims. *See Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

However, we previously determined Russell was not entitled to a self-defense instruction based on the evidence presented at trial. Trial counsel did request a self-defense instruction, which was included in the jury charge under the "Self-Defense" section. Russell's testimony did not establish Woodward threatened him with deadly force at any time before Russell shot Woodward multiple times. His belief he was entitled to exercise self-defense was unfounded and implausible. Although the evidence did not support Russell's belief in self-defense, trial counsel did pursue Russell's defensive theory throughout the trial in his questioning of witnesses, argument to the jury, and request for the instruction. Russell has not shown how trial counsel's actions were deficient based on the evidence presented. We overrule his third issue.

Russell also alleges trial counsel was ineffective by not requesting the inclusion of penal code section 2.03(d). However, as addressed above, the jury charge included an explanation regarding the State's burden of proof and how Russell was presumed innocent unless all the elements of the offense were proven beyond a reasonable doubt. Trial counsel's lack of request of the specific language of section 2.03(d) was not deficient when the appropriate language was contained in the jury charge. We overrule Russell's fourth issue.

–14–

## CONCLUSION

Based on the evidence presented in this record, we find Russell was not egregiously harmed by the jury charge as presented and his trial counsel was not ineffective. We affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
220543F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TREVOR RUSSELL, Appellant

No. 05-22-00462-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2175838-T. Opinion delivered by Justice Partida-Kipness. Justices Reichek and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of August 2023.