**Affirmed and Opinion Filed August 31, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00824-CR**

**DELONZE ALLEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-34145-N**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Partida-Kipness

In one issue, appellant Delonze Allen argues the trial court committed reversible error when it failed to properly instruct the jury regarding good conduct time during the punishment phase of his trial. We affirm.

### BACKGROUND

Allen was indicted for aggravated robbery. *See* TEX. PENAL CODE § 29.03. He was charged with robbing complainant, Gabriel Hernandez, of his vehicle, cell phone, and wallet at gunpoint. Hernandez reported his vehicle stolen and it was seen on a license-plate scanner in Tyler, Texas. Later, surveillance video of a purse-

snatching incident in Tyler showed Allen grabbing a purse and fleeing in Hernandez's vehicle. The purse was later found in Smith County, Texas. Hernandez's Costco membership card was found in the stolen purse. Allen was also seen on surveillance video in Smith County in Hernandez's vehicle and Allen's brother was arrested while driving Hernandez's vehicle near the Houston area. Later, Allen was involved in multiple other robberies after he stole Hernandez's vehicle. As police were investigating robberies near an Irving hotel where Allen was a suspect, they also located Hernandez's wallet.

The jury convicted Allen of aggravated robbery. In the punishment phase, the jury charge presented the jury with information regarding community supervision if it wished to recommend it for Allen and what possible restrictions he would be required to abide by. After explaining other general evidentiary instructions and rules for the jury, the charge stated:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> The length of time for which a defendant is imprisoned may be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or

30 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law might be applied to this defendant if sentenced to a term of imprisonment, because the application of that law will depend on the decisions made by parole authorities.

You may consider the existence of the parole law. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Allen did not object to the jury charge. After final argument and deliberation, the jury assessed eleven years' imprisonment. Allen's appeal followed.

## ANALYSIS

In his sole issue, Allen argues the trial court committed error in its instruction to the jury regarding good conduct time.

The purpose of the trial court's jury charge is to instruct the jurors on the law applicable to the case. *See* TEX. CODE CRIM. PROC. art. 36.14. The charge is the instrument with which the jury convicts; therefore, it must be an accurate statement of the law and set out the essential elements of the offense. *Fields v. State*, — S.W.3d—, —, No. 01-20-00280-CR, 2022 WL 3268525, at *3 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, pet. ref'd). A jury charge that improperly states the law or the elements of an offense is erroneous. *Id*.

All alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Appellate review of purported error in a jury charge

involves a two-step process. *Id*. First, we determine whether the jury instructions are erroneous. *Id*. Second, if error occurred, then an appellate court must analyze the error for harm. *Id*. The issue of error preservation is not relevant until harm is assessed because the degree of harm required for reversal depends on whether error was preserved or not. *Id*.

The failure to preserve a jury-charge error is not a bar to appellate review but rather establishes the degree of harm necessary for reversal. *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). Neither the State nor the appellant bears the burden on appeal to prove harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). Harm is assessed in light of the entire jury charge, the state of the evidence, including contested issues and the weight of the probative evidence, the parties' arguments, and all other relevant information in the record. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022); *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011).

If the "defendant never presents a proposed jury instruction (or fails to object to the lack of one), any potential error in the charge is reviewed only for 'egregious harm' under *Almanza*." *Oursbourn v. State*, 259 S.W.3d 159, 174 (Tex. Crim. App. 2008) (citing *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g)). When an "appellant d[oes] not object to the charge, the error does not result in reversal 'unless it was so egregious and created such harm that appellant was denied a fair trial.'" *Warner*, 245 S.W.3d at 461 (quoting *Almanza*, 686 S.W.2d

at 171). "Errors that result in egregious harm are those that affect the 'very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Id*. at 461–62 (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). To establish egregious harm, the "appellant must have suffered actual, rather than theoretical, harm." *Id*. at 461.

Allen alleges the trial court's jury instruction was "required to include the parole law instruction . . . pursuant to article 37.07, section 4(b)" of the code of criminal procedure because he was "convicted of an offense listed under Article 42A.054(a)."

However, Allen was found guilty of aggravated robbery, an offense which falls within article 42A.054(a). *See* TEX. CODE CRIM. PROC. art. 37.07, § 4(b). Offenses contained in article 42A.052(a) are excluded from the jury instruction found in article 37.07, section 4(b) and require the instruction found in article 37.07, section 4(a). Article 37.07, section 4(a) requires the trial court to instruct the jury with:

> The length of time for which a defendant is imprisoned may be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less. If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law might be applied to this defendant if sentenced to a term of imprisonment, because the application of that law will depend on decisions made by parole authorities.

You may consider the existence of the parole law. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Here, the trial court provided the jury with a punishment charge which contained outdated parole instruction with language concerning good-conduct time. Because Allen's jury charge occurred after the 2019 amendment to article 37.07 of the code which removed mention of good conduct time credit, we hold there was error instructing the jury regarding parole law using section 4(a)'s pre-amendment language. *Dixon v. State*, No. 05-21-00847-CR, 2023 WL 4042600, at *7 (Tex. App.—Dallas June 16, 2023, no pet. h.) (mem. op., not designated for publication); *see* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.08, 2015 Tex. Gen. Laws 2321, 2366–68 (amended 2019) (current version at Tex. Code Crim. Proc. art. 37.07, § 4(a)). However, Allen did not object to the inclusion of the language so we must determine if there was egregious harm. *See Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015).

"An egregious harm determination must be based on a finding of actual rather than theoretical harm." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). Errors that result in egregious harm are those that affect "the very basis of the case," "deprive the accused of a 'valuable right,'" or "vitally affect [a] defensive theory."

*Id.* To determine whether harm was egregious, we consider four factors on a case-by-case basis: (1) the jury charge as a whole, (2) the state of the evidence, including contested issues and the weight of probative evidence, (3) the parties' arguments, and (4) all other relevant information in the record. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015).

We first consider the entire charge to the jury in the punishment phase of the trial. *See id*. at 840. The five-page jury charge started by explaining probation eligibility, the requirements if the jury recommends probation, and the possible fees probation could require. It goes on to state Allen filed an application for probation and what options the jury had if it wished to recommend probation. Following the probation instruction, there was the paragraph which discussed the award of good conduct time. Next was the language regarding parole and the eligibility requirements. The final page contained general evidentiary instructions for the jury to follow during its deliberation. Other than one erroneous paragraph, the jury charge properly instructed the jury on the matters it was to consider. This factor weighs against a finding of egregious harm.

Next, we consider the state of the evidence. Under this factor, we determine whether the evidence made it more or less likely the charge error caused the appellant actual harm. *Dixon*, 2023 WL 4042600, at *8. We must determine the "likelihood that the jury would in fact have reached a non-unanimous verdict on the facts of this particular case." *Lehman v. State*, No. 05-19-01367-CR, 2022 WL

2155061, at *9 (Tex. App.—Dallas June 15, 2022, no pet.) (mem. op., not designated for publication). Here, the evidence supported a prison sentence. The State put on witnesses that described the additional criminal events which occurred after Allen's aggravated robbery of Hernandez. After robbing Hernandez, Allen was involved in a purse theft in Tyler. He was arrested days later for burglary of a vehicle and unlawfully carrying a weapon. A month later, Allen assaulted a woman while trying to steal her vehicle and then assaulted another women in the process of trying to steal her purse. The State also provided testimony Allen was on juvenile probation for aggravated robbery while all these events occurred. The defense put on testimony from Allen's mother and his girlfriend, who asked for leniency. After hearing the evidence, the jury sentenced Allen to the lower end of the punishment range at eleven years. No evidence of good conduct time was offered during the guilt-innocence or punishment phase of trial. We conclude the state of the evidence made it less likely the jury charge caused the appellant actual harm. This factor weighs against the finding of egregious harm.

Third, we consider whether any arguments made by the State or appellant exacerbated or ameliorated error in the charge. *Dixon*, 2023 WL 4042600, at *9. Neither party discussed good conduct time in argument or urged the jury to assess a greater or lesser sentence based on any potential good conduct time credit. *See Luquis v. State*, 72 S.W.3d 355, 367 (Tex. Crim. App. 2002). Indeed, other than the erroneous language in the charge, there was no mention of parole or good conduct

time by anyone at any time. Because no arguments exacerbated the error, this factor weighs against finding egregious harm. *See Atkinson v. State*, 107 S.W.3d 856, 860 (Tex. App.—Dallas 2003, no pet.).

Lastly, we consider any relevant information, such as whether the jury sent requests for clarification during deliberations. *Dixon*, 2023 WL 4042600, at *9. There was no indication a jury note or any question arose regarding parole or good conduct credit. In cases where jury notes are sent regarding parole instructions, there can be harm found. *See Shamburger v. State*, No. 05-20-00108-CR, 2021 WL 2430903, at *7 (Tex. App.—Dallas June 15, 2021, no pet.) (mem. op., not designated for publication) (stating the Court found egregious harm by an erroneous good conduct instruction where the jury sent a note asking about the payment of fines "during his parole."). However, the jury did not send a note or make any indication it focused on parole or good conduct credit implications in determining its sentence. *See Dixon*, 2023 WL 4042600, at *10.

Weighing all of the factors, we conclude Allen did not demonstrate a reasonable likelihood the jury assessed its sentence based on the erroneous instruction and the record does not support a finding of egregious harm. *See id.*, *Taylor v. State*, No. 05-20-00017-CR, 2022 WL 17335689, at *13–14 (Tex. App.—Dallas Nov. 30, 2022, pet. ref'd) (mem. op., not designated for publication) (concluding erroneous good conduct instruction did not cause egregious harm); *Addison v. State*, No. 05-18-01263-CR, 2020 WL 4251068, at *4 (Tex. App.—

–9–

Dallas July 24, 2020, no pet.) (mem. op., not designated for publication) (same). Allen's sole issue is overruled.

## CONCLUSION

Based on the record before us, Allen's punishment jury charge did not egregiously harm him. We overrule his sole issue and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
220824F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

DELONZE ALLEN, Appellant

No. 05-22-00824-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F21-34145-N.
Opinion delivered by Justice Partida-Kipness. Justices Reichek and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of August 2023.